# CHARLESTON.

## STATE v. D. H. RUDY.

### (No. 5125.)

Submitted March 3, 1925.            Decided March 10, 1925.

1.  INDICTMENT AND INFORMATION—*Misspelling of Words Not Fatal
    to Indictment, if They do not Affect Sense, and Meaning of
    Words Can be Determined With Certainty.*

    The misspelling of words or typographical errors are not
    fatal to an indictment, where they do not affect the sense,
    and the meaning of such words can be determined with cer-
    tainty by a person of ordinary intelligence. (p. 445).

    (Indictments and Informations, 31 C. J. § 177.)

2   CRIMINAL LAW—SEARCHES AND SEIZURES—*Instruments, Devices,
    or Materials Used in Committing Crime are Competent and
    Legitimate evidence; Taking Instruments, Devices, and
    Materials Used in Committing Crime from Premises of Ac-
    cused by Officer Arresting Him on Lawful ·Warrant is Not
    Illegal Search and Seizure.*

    The instruments, devices and materials used in the com-
    mission of a crime are competent and legitimate evidence
    on the trial of the accused, and the taking of them from the
    premises of the accused where he is arrested by an officer
    making the arrest on a lawful warrant, is not illegal search
    and seizure. (p. 445).

    (Criminal Law, 16 C. J. § 1225; Searches and Seizures, 35 Cyc.
    p. 1271.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part
    of syllabi.)

Error to Circuit Court, Marion County.

D. H. Rudy was convicted of possessing a moonshine still,
and he brings error.

*Affirmed.*

*George A. Vincent* and *Curt E. Amos,* for plaintiff in
error.

*E. T. England,* Attorney General and *R. Dennis Steed,*
Assistant Attorney General, for the State.

Miller, Judge:

Defendant was convicted in the criminal court of Marion County, on an indictment charging that he "did unlawfully and feloniously own, operate, maintain, possess and have an interest in a certain apparatus, mechanism and device for the manufacture *or* intoxicating liquors commonly known as a 'moonshine still.' "

First, it is asserted by counsel for defendant that the use of the word "or" in the indictment charges the offense in the disjunctive, and that the part of the indictment following the word "or" does not charge an offense when standing alone, or if it alleges an offense, such offense would be only a misdemeanor; wherefore the indictment fails to charge the defendant with a felony. To support this proposition they cite the case of *State* v. *Miller,* 68 W. Va. 38. In that case the indictment charged in the disjunctive the doing of a number of acts, any one of which constituted an offense under the statute; and it was held that the use of the disjunctive conjunction "or," instead of the copulative conjunction "and," rendered the indictment bad for uncertainty. The rule there stated does not apply here. In the case at bar, it is evident that the use of the word "or" is simply a typographical error; and that "of" was meant. No other construction could possibly be placed on the language used. "Neither verbal or grammatical inaccuracies nor the misspelling of words in an indictment are fatal to it, where they do not affect the sense, and where from the whole context the words as well as the meaning can be determined with certainty by a person of ordinary intelligence." *State* v. *Halida,* 28 W. Va. 499, See, also, *State* v. *McGahan,* 48 W. Va. 438. The use of the word "or" here does not affect the sense of the language, when it is so evident that the word "of" was meant; and there can be no doubt as to the intention of the pleader.

Defendant objected to the introduction in evidence of the stills, pots, mash, hydrometers, etc., found by the officers on defendant's premises and in his possession, because the same were not mentioned in the search warrant being

executed by them at the time they seized the articles in question. The warrant alleges that it was issued upon complaint and information that defendant "did unlawfully manufacture, sell, offer, expose, keep and store for sale, and barter, intoxicating liquors" as defined by the statute, in the place designated in the warrant to be searched. It is true, the warrant issued on this information and complaint, commanded the officer to whom it was directed, "to seize all liquors found therein, together with all vessels, bar-fixtures, screens, glasses, bottles, jugs and other appurtenances apparently used in the sale, keeping and storing for sale of liquors contrary to law." The manufacture of intoxicating liquors is not mentioned in the clause of the warrant directing a search of defendant's premises, but it is alleged that the warrant was issued upon that charge in the complaint and information; and the officer to whom the warrant was directed, was commanded to arrest defendant and bring him before the justice of the peace issuing it or before some other justice of the county. The officers were lawfully upon defendant's premises, with a warrant for his arrest for the offense charged; and they found there evidence of that offense, made a felony by the statute. Even though they had been on defendant's premises without a search warrant, and only for the purpose of arresting him for the offense charged, they might have seized the articles named, and introduced them in evidence against the accused on the trial. In *State* v. *Edwards,* 51 W. Va. 220, 59 L. R. A. 465, it was held: "The instruments, devices, or tokens used in the commission of a crime are competent and legitimate evidence in the trial of the accused, and the taking of them from his person by an officer who has arrested him upon a charge of his having committed a crime, is not an illegal seizure, nor is the search of his person for such instruments an unreasonable search, within the meaning of the constitutional provision against unreasonable search." And in *State* v. *Sutter,* 71 W. Va. 371, this court held that: "It is not ground for excluding as evidence a bottle of cocaine or other articles of incriminating evidence, even though forcibly taken from the accused or by putting him in fear, or that it was obtained by illegal

search of the person and seizure.'' And in that case it was said that when the officer saw the offense committed,—the sale of the cocaine, a felony under our statute,—it was his right and duty to arrest the defendant; and that an arresting officer may search the prisoner and remove from his person for evidence articles found. In this case, the warrant directly commanded the officer to whom it was directed to arrest the defendant; and charged him with a felony. Without direction to search for and seize the articles offered in evidence, their possession by the defendant was sufficient to justify reasonable belief on the part of the officers that a felony was being committed, and authorized them to take into possession the still, mash, and other articles seized, as evidence of the offense.

It is said that the State's instruction number one eliminated the question of intent on the part of defendant. It told the jury that it was unlawful to do the acts charged in the indictment ''for the purpose of distilling, making or manufacturing intoxicating liquors.'' Certainly this sufficiently submitted to the jury the question of intent.

Defendant complains of the State's instruction number two; that it in effect directed the jury to return a verdict of guilty irrespective of the intent of the defendant or of the purpose for which he had the still. The instruction told the jury what acts by the defendant and the possession of what materials by him they might consider in determining intent, but did not go so far as to tell the jury to find defendant guilty if they believed he owned, operated, maintained or had in his possession the ''moonshine still'' for the purpose of manufacturing intoxicating liquors; nor did it tell the jury to find defendant guilty of intent if they found the facts mentioned to exist. We can not see that this instruction was prejudicial to defendant.

The judgment will be affirmed.

*Affirmed.*