# CHARLESTON.

### STATE *v.* P. B. ADAMS

### (No. 5703)

### Submitted September 21, 1926.   Decided Feb. 1, 1927.

ARREST—*Search of Home, Incident to Arrest For Possession of Liquor, Should be Confined to Room in Which Arrest is Made.*

A search of defendant's home, as incidental to his arrest therein on a charge of possessing intoxicating liquors, should be confined to the room in which the arrest is effected, the officers not having sufficient evidence before the search reasonably to establish the *corpus delicti.*

(Arrest, 5 C. J. § 74.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Braxton County.

P. B. Adams was convicted of possessing moonshine liquor, and he brings error.

*Reversed and remanded.*

*W. L. Armstrong* and *Hines & Heavener*, for plaintiff in error.

LITZ, JUDGE:

The defendant was tried and convicted in the circuit court for possession of moonshine liquor. He was arrested at his home on a warrant, charging him with such possession, and purporting to authorize the search of his premises for evidence of the offense. As a result of a general search the officers found concealed in a portion of the house wherein it was unnecessary to go to effect the arrest a small quantity of moonshine liquor. On motion of defendant the trial court held the warrant to be invalid, in so far as it purported in terms to authorize the search; but submitted to the jury the question of whether or not the evidence was discovered as an incident to the arrest in the following language:

> "Gentlemen of the Jury: During the introduction of evidence in this case, a warrant appearing to be for the arrest of the defendant on a charge of having unlawfully in his possession moonshine liquor, and also authorizing a search and seizure of the defendant's residence, was offered by the State, and to that evidence the defendant objected. The warrant, as you may recall, was admitted as a valid warrant for arrest, but it was rejected as a search and seizure warrant. That is, the paper did not of itself warrant nor justify any search or seizure of the defendant's home for any moonshine liquor, and liquor seized solely by virtue of such void warrant could not be introduced in evidence, and must be disregarded as evidence. If the liquor or substance said to have been found in the defendant's home, and introduced in evidence, was found there as an incident to the arrest of the defendant it could be considered in evidence, and the issue in this case must rest upon whether it was so found. If you believe beyond reasonable doubt it was found as an incident of the arrest, and not by virtue of the search and seizure warrant, you may give consideration to the evidence, so said to have been found, otherwise you should wholly disregard

it, and not only such evidence, but the testimony
concerning it.''

To what extent a search of the premises, where the accused
is lawfully arrested, and seizure of evidence of crime may be
made, is a question upon which there is considerable con-
fusion among the courts, and text books; largely caused by
the blind application of broad general rules carelessly an-
nounced in certain cases without proper regard to the facts of
the particular case. ''The authorities support the proposition
that the search with a warrant which is incidental to a law-
ful arrest may lawfully extend beyond a prisoner's person,
or at least, that the right of seizure is not confined to ar-
ticles which the prisoner may have on his person, though the
extent to which the search and seizure without a search war-
rant, as incident to a lawful arrest may be carried is not
clearly defined.'' 32 A. L. R. p. 697.

When the officers discover the accused in the actual *com-
mission of a crime,* justifying arrest without a warrant, they
may proceed to search his person and the premises under his
control, or to which his activities extend. ''The right with-
out a search warrant contemporaneously to search persons
lawfully arrested *while committing crime,* and to search the
place where the arrest is made in order to find and seize
things connected with the crime as its fruits, or as the means
by which it was committed, as well as weapons and other
things to effect an escape from custody, is not to be doubted.''
*Agnello* v. *United States,* 269 U. S. 20, 70 L. ed. 1, 46 Sup.
Ct. Rep. 4; *Marron* v. *United States,* 8 Fed. (2d Series) 251;
*United States* v. *Seltzer,* 5 Fed. (2d Series) 264; *Sayers* v.
*United States,* 2 Fed. (2d Series) 146; *State* v. *Quartier,* 236
Pac. 746 (Ore.); *State* v. *Laundy,* 103 Ore. 443, 204 Pac. 958.

And where a crime has been committed, it would seem that
the officers arresting the accused may in some cases search
the premises under his immediate control for evidence in-
separably connected with the *corpus delicti* or crime charged,
such as the instrument with which the crime has been com-
mitted, articles of evidentiary value connected therewith, the
fruits of the crime, dangerous weapons, stolen goods, articles

which might enable the prisoner to escape, or evidence to identify the prisoner.

However, in cases like this, where there is no evidence, before the search, of the *corpus delicti*, we are of opinion that the search should be confined to the room or portion of the defendant's premises where the arrest is made. A late text, Cornelius on Search and Seizure, Sec. 38, states:

> "While it is well settled that incidental to a lawful arrest an officer has the right to search the person of the individual arrested and seize any evidence tending to establish 'crime', whether it be the one for which the arrest was made or any other, the cases do not so clearly define how far an officer may go, in searching the room, premises or effects of the person arrested. The following principles, however, are well settled: (a) If the arrest is made outside the home or rooming place of the arrested party the officer has no right to go to the place where he resides and make a search for incriminating evidence; (b) the officers may seize any articles of an incriminating nature visible to them in the rooms where the arrest is made; (c) the officers have no right to search any part of the residence of the person except the room where the arrest is made.
>
> "To what extent the officers have the right to search the cupboards, dressers and other receptacles in the room where the party is arrested is not yet entirely clear; some of the cases uphold the right of the officer to make such search, but deny the right to search any other portion of the premises."

*State* v. *Rudy*, 98 W. Va. 444, in seeming conflict with this ruling, is not so in fact. In that case the defendant's premises had been searched under a warrant charging him with the manufacture and sale of intoxicating liquors, and directing a search for evidence of sale. Upon his trial for manufacturing intoxicating liquors, evidence of manufacturing obtained by the search was held to be admissible. The search being authorized for evidence of sale, evidence of

manufacturing obtained thereby was admissible on the trial of the defendant for the felony charged in the warrant. Cornelius on Search and Seizure, Sec. 37; *United States* v. *Murphy,* 264 Fed. 842; *Gouled* v. *United States,* 255 U. S. 298.

The evidence, therefore, being insufficient to support the finding on the issue submitted to the jury, the judgment of the circuit court will be reversed, the verdict set aside, and a new trial awarded defendant.

*Reversed and remanded.*