# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Calvin T. Odom,**
**Defendant Below, Petitioner**

**vs)  No. 14-0865** (Jefferson County 12-C-247)

**Partners for Payment Relief, DE III, LLC,**
**Plaintiff Below, Respondent**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Calvin T. Odom, appearing *pro se*, appeals the order of the Circuit Court of Jefferson County, entered September 26, 2013, that granted summary judgment to Respondent Partners for Payment Relief, DE III, LLC, on its complaint against petitioner for unlawful retainer of real property. The order also dismissed petitioner's counterclaim to set aside the foreclosure sale of his real property and denied petitioner's motion to amend his counterclaim against respondent. Respondent, by counsel Don C.A. Parker, Bruce M. Jacobs, and Megan E. McCullough, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting summary judgment to respondent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner acquired real property, improved with a residence, at 731 Chickamauga Drive in Harpers Ferry, West Virginia (the "subject property"), by deed dated September 29, 2006. That same day, petitioner executed a first deed of trust to secure repayment of a $291,700 loan, and a second deed of trust to secure repayment of a $72,900 loan. The trustee on the second deed of trust was Tasha Keller Catrow. The second deed of trust was ultimately assigned to respondent, a Delaware limited liability company. That assignment enabled respondent to appoint a substitute trustee for petitioner's second deed of trust.

On December 27, 2011, respondent recorded an appointment of successor trustee that named Amy J. Haynie, Marc J. Slotnick, and Richard A. Pill as successor trustees on the second deed of trust. However, the document contained the following two typographical errors: (1) Respondent Partners for Payment Relief, DE III, LLC, was incorrectly listed as "Partners for Payment Relief, DIII"; and (2) the initial trustee's name on the second deed of trust, Tasha Keller Catrow, was incorrectly listed as "Tasha Keller Cathrow."

1

On January 25, 2012, the successor trustees, by certified letter, notified petitioner of the impending trustees' sale of his property.[1] Additionally, the successor trustees twice published notice of the impending sale in a local newspaper.

On March 5, 2012, Amy J. Haynie, as successor trustee, conducted a foreclosure sale on the courthouse steps. Respondent purchased the property for $14,900, subject to the first deed of trust. On March 8, 2012, Ms. Haynie issued a trustee's special warranty deed conveying petitioner's property to respondent. On April 19, 2012, Ms. Haynie completed a "Trustee's Report of Sale Under Deed of Trust" which documented the date, time, and location of the sale; the parties to the sale; the property sold; the purchase amount; and the disbursement of monies paid.

On April 25, 2012, petitioner received a "Notice of Quit" which required petitioner to vacate the subject property by midnight on May 6, 2012. Nevertheless, petitioner continued to occupy the property. On May 2, 2012, respondent filed a complaint for unlawful detainer in the magistrate court. Petitioner filed an answer in magistrate court, but, on June 19, 2012, removed the case to the circuit court. Petitioner thereafter filed an amended answer and a counterclaim in which petitioner, by counsel, alleged the following two claims:

*FIRST CLAIM*: Respondents' appointment of successor trustees was invalid due to typographical errors in the appointment of successor trustee document. Accordingly, because respondent's appointment of successor trustees was invalid, the notice of trustee sale which named the successor trustees was also invalid. Moreover, because the notice of trustee sale was invalid, the trustee's special warranty deed was also invalid.

*SECOND CLAIM*: Respondent violated West Virginia Code § 31-17-2(a)[2] by taking an assignment of the deed of trust on his property and foreclosing upon it without first being licensed as a mortgage entity or debt collector and without being registered with the West Virginia Secretary of State.[3] West Virginia Code § 31-17-17(a) provides that "if any primary or

---

[1] The foreclosure of petitioner's property stemmed from his failure to make payments on his second deed of trust for a period of more than thirty-three months.

[2] West Virginia Code § 31-17-2(a) is found in the West Virginia Residential Mortgage Lender, Broker and Servicer Act, West Virginia Code §§ 31-17-1 to -20, and states as follows:

> A person may not engage in this State in the business of lender or broker unless and until he or she first obtains a license to do so from the Commissioner, which license remains unexpired, unsuspended and unrevoked, and no foreign corporation may engage in business in this State unless it is registered with the Secretary of State to transact business in this State.

[3] In support of this argument, petitioner highlights that he executed the second deed of trust to secure repayment of the $72,900 loan obtained from First Guarantee Mortgage Corporation of McLean Virginia. At some point thereafter, GMAC Mortgage, LLC began (continued . . .)

subordinate mortgage loan is made in willful violation of the provisions of this article, except as a result of a bona fide error, such loan may be canceled . . . ." Further, West Virginia Code § 31-17-17(c) provides that "[a]ny residential mortgage loan transaction in violation of this article shall be subject to an action, which may be brought . . . by the borrower seeking damages, reasonable attorney's fees and costs."

On August 6, 2012, respondent filed a motion seeking summary judgment on its complaint for unlawful detainer. On October 9, 2012, petitioner, by counsel, filed a motion to dismiss respondent's action, a motion to set aside the foreclosure sale, and a motion to cancel debt.

On September 26, 2013, the circuit court granted summary judgment in favor of respondent with regard to its complaint for unlawful detainer. The circuit court also rejected petitioner's first claim regarding the alleged invalidity of the appointment of successor trustee, the notice of trustee sale, and the trustee's special warranty deed. The circuit court further found that petitioner no longer possessed any legal interest in the subject property and, therefore, denied petitioner's motion to set aside the foreclosure sale and the trustee's special warranty deed. Finally, the circuit court denied petitioner's motion to amend his counterclaim as untimely, futile, and unduly prejudicial to respondent given that the proposed amendment introduced an entirely new allegation that respondent violated the West Virginia Consumer Credit and Protection Act and/or committed the tort of outrage. Accordingly, the circuit court ordered petitioner to vacate the property within thirty days.[4]

On October 7, 2013, petitioner filed a motion asking the circuit court to reconsider its September 26, 2013, order.

The parties appeared for a status hearing on October 18, 2013, at which time both respondent and the circuit court acknowledged that petitioner's motion to reconsider had been filed pursuant to Rule 59(e). Respondent also moved that it be granted summary judgment on petitioner's second claim regarding West Virginia Code § 31-17-2(a).

On October 24, 2013, petitioner appealed the circuit court's September 26, 2013, order that granted summary judgment on petitioner's first claim.

On November 12, 2013, the circuit court granted summary judgment in favor of respondent on petitioner's second claim regarding West Virginia Code § 31-17-2(a). The circuit

---

servicing the loan secured by the second deed of trust. Then, on November 10, 2011, the deed of trust was assigned to respondent by a corporate assignment deed of trust. Petitioner claims that First Guarantee Mortgage Corporation and GMAC Mortgage, LLC are both licensed by the West Virginia Commissioner of Banking to engage in the business of mortgage lending or brokering and that both are also registered with the West Virginia Secretary of State.

[4] The September 26, 2013, order did not address petitioner's first claim for damages regarding respondent's alleged violation of West Virginia Code § 31-17-2(a).

court found that because respondent did not make the primary or subordinate mortgage loan to petitioner, West Virginia Code § 31-17-17(a) did not give rise to a claim for damages pursuant to West Virginia Code § 31-17-17(c).

On June 6, 2014, this Court, in a memorandum decision, dismissed petitioner's October 24, 2013, appeal of the circuit court's September 26, 2013, order that granted summary judgment in favor of respondent on petitioner's first claim. Specifically, this Court found that there was no final appealable order given that the circuit court had not yet ruled on petitioner's Rule 59(e) motion to reconsider the September 26, 2013, summary judgment order. *See Calvin T. Odom v. Partners for Payment Relief, DE III, LLC*, No. 13-1092 (W.Va. Supreme Court, June 6, 2014)(memorandum decision). Thereafter, on July 31, 2014, the circuit court denied petitioner's motion to reconsider the September 26, 2013, summary judgment order.[5]

On August 29, 2014, petitioner filed this appeal regarding the circuit court's September 26, 2013, order granting respondent summary judgment on petitioner's first claim; the November 12, 2013, order granting respondent summary judgment on petitioner's second claim; and the July 31, 2014, order refusing to reconsider the September 26, 2013, order.

"The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 431, 513 S.E.2d 657, 658 (1998). We accord a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

With these standards in mind, we turn to petitioner's two assignments of error. In his first assignment of error, petitioner argues that the circuit court erred in granting summary judgment to respondent, a Delaware corporation, because it is not licensed or registered in West Virginia with the Division of Financial Institutions, the Secretary of State, or the Tax Department. Petitioner claims that, in the absence of such licensure or registration, respondent committed the criminal acts of "obtaining a note through false pretense" in violation of West

---

[5] On August 15, 2014, petitioner filed a motion for injunctive relief to stay enforcement of the circuit court's July 31, 2014, order, which denied reconsideration of the circuit court's September 26, 2013, order granting summary judgment to respondent. By order entered October 14, 2014, the circuit court denied petitioner's motion for injunctive relief to stay enforcement of its orders. In that order, the circuit court noted that petitioner failed to argue any points not previously raised in its Rule 59(e) motion that resulted in the July 31, 2014, order. The circuit court also opined that petitioner's motion for injunctive relief was merely "another dilatory litigation tactic." On October 29, 2014, petitioner filed with this Court a "Motion to Request The Supreme Court To Set Aside The Decision By The Circuit Court's Order Denying [Petitioner's] Motion For Injunctive Relief To Stay Any Enforcement of Summary Judgment." Given that we affirm the circuit court's October 14, 2014, order, herein, we find petitioner's motion to be moot.

Virginia Code § 61-2-13, and "extortion and intent to defraud" in violation of West Virginia Code §61-3-24, in connection with the sale of the subject property. Petitioner also argues that respondent "acquired the note by posing as a mortgage servicer," which wrongfully allowed respondent to see "petitioner's personal file, which is not available for anyone who attends a public auction." Petitioner also argues that that respondent "violated West Virginia Code [§] 31A-1-5 by taking advantage of the lending and investing business and services that are reserved for persons who have the authority and power to exercise such privileges in the banking industry." Finally, petitioner argues that respondent's appointment of a successor trustee was a "blatant infraction" of the West Virginia Code.

Our review of the record on appeal reveals that petitioner failed to properly raise any of these arguments before the circuit court. For example, petitioner's first two arguments, regarding West Virginia Code §§ 61-2-13 and -24 and petitioner's claim that respondent wrongfully posed as a mortgage service, were not raised in any fashion before the circuit court. As for petitioner's third argument, regarding respondent's alleged violation of West Virginia Code § 31A-1-5, the record on appeal reveals that the only time petitioner asserted this claim before the circuit court was in a "Response" to respondent's proposed summary judgment order. Petitioner filed that response four days after the circuit court entered its September 26, 2013, summary judgment order from which petitioner now appeals. As for petitioner's fourth argument, regarding respondent's engagement of a successor trustee, it was not pled in petitioner's counterclaim and, therefore, is wholly absent from the order on appeal,

We have said, "errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there." Syl. Pt. 17, *State v. Thomas*, 157 W.Va. 640, 642, 203 S.E.2d 445, 449 (1974). We have also said that "'[a] litigant may not silently acquiesce to an alleged error . . . and then raise that error as a reason for reversal on appeal.' Syl. Pt. 1, in part, *Maples v. W. Va. Dep't of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 4, *PNGI Charles Town Gaming, LLC v. Reynolds*, 229 W.Va. 123, 125, 727 S.E.2d 799, 801 (2011). Consequently, because petitioner failed to raise these arguments before the circuit court, we will not address them herein.

Petitioner's second assignment of error is that the circuit court erred in granting summary judgment in favor of respondent due to the two typographical errors in the substitute trustee appointment document. Petitioner claims that those errors caused the notice of trustee sale to be defective and, as a result, the resulting trustee's special warranty deed was likewise defective and invalid.

We have consistently expressed our distain for legal arguments premised upon mere typographical errors. *See State v. Furner*, 161 W.Va. 680, 245 S.E.2d 618 (1978). Moreover, this Court held that that "misspelling of words or typographical errors are not fatal . . . where they do not affect the sense, and the meaning of such words can be determined with certainty by a person of ordinary intelligence." *Syl.*, *State v. Rudy*, 98 W.Va. 444, 444, 127 S.E. 190, 190 (1925). We have also said that "a sale under a trust deed will not be set aside unless for 'weighty reasons.'" *Dennison v. Jack*, 172 W.Va. 147, 157, 304 S.E.2d 300, 310 (1983), citing *Moore v. Hamilton*,

151 W.Va. 784, 792, 155 S.E.2d 877, 882 (1967), and Syl. Pt. 2, *Corrothers v. Harris*, 23 W.Va. 177, 182 (1883).

Importantly, in this case, the notice of trustee's sale accurately identified the deed of trust and the original trustee therein, the property to be sold, the names of the trustees conducting the sale, and the date and time of the sale. The notice also referenced the successor trustee appointment and included the appointment's trust deed book number and page. By referring back to the deed of trust and the substitute trustee appointment document, it was clear that "Partners for Payment Relief DIII" was simply a typographical error, as was the addition of the letter "h" in Ms. Catrow's name. Thus, the notice of trustee's sale satisfied the precise purpose this Court announced in Syllabus Point 2 of *Russell v. Webster Springs National Bank*, 164 W.Va. 708, 708, 265 S.E.2d 762, 762 (1980):

> The object of a notice of a trustee's sale is to secure bidders by informing the public of the nature and condition of the property to be sold, and of the time, place and terms of sale so as to prevent a sacrifice of the property. If these objects are attained, immaterial errors will not affect the sufficiency of the notice or the sale made pursuant thereto.

Therefore, the two typographical errors in the appointment of successor trustee document were clearly immaterial and, as such, did not affect the sufficiency of the notice of trustee sale or the resulting trustee's special warranty deed. Accordingly, because we find no merit in this assignment of error, we find that the circuit court did not err in awarding summary judgment to respondent.

For the foregoing reasons, we affirm the circuit court's September 26, 2013, order.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6