STATE OF WEST VIRGINIA *v.* CHESTER RUBLE

(No. 8660)

Submitted September 28, 1937. Decided November 2, 1937.

R. E. *Bills* and K. C. *Moore,* for plaintiff in error.
*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

Fox, JUDGE:

Chester Ruble was indicted by a grand jury of Wood County, jointly with Everett Ruble and Elmer Tichnell, and charged with breaking and entering a storehouse in Parkersburg. A demurrer and motion to quash the indictment were overruled. Ruble was separately tried, a verdict of guilty returned against him, motions to set aside the verdict and, in arrest of judgment were overruled, judgment entered on the verdict, and the defendant sentenced to confinement in the penitentiary. To this action of the court below he prosecutes this writ of error.

Numerous grounds of error are assigned which may be disposed of by considering the points raised which we think are determinative of the errors complained of.

The defendant contends that his demurrer and the motion to quash the indictment and his motion in arrest of judgment should have been sustained on account of an alleged fatal defect in the indictment on which he was convicted. This indictment, in so far as it is necessary to quote the same herein, reads as follows:

> "STATE OF WEST VIRGINIA, WOOD COUN-
> TY, TO-WIT:
> IN THE CIRCUIT COURT OF SAID COUNTY:
> "The Grand Jurors of the STATE OF WEST
> VIRGINIA, in and for the body of the County
> of Wood, upon their oaths, present that, Chester
> Ruble, Everett Ruble and Elmer Tichnell on the
> .......... day of January A. D., one thousand nine
> hundred and. thirty Seven in the said County of
> Wood. A Certain storehouse belonging * * *."

The indictment continued and charged the defendants with feloniously breaking and entering the storehouse with intent to steal, and the larceny of goods of the value of $18.50. The objection to the indictment is that the period after the word "Wood", and the beginning of a new sentence, "A Certain storehouse belonging * * *" is a mere use of words not connected, and charging no offense, and that the indictment is void. It will be observed that the substitution of a comma for the period following

the word "Wood", and the elimination of the capital "A" and the use of a small "a" would have corrected the alleged defect in the indictment. It is well settled in this state that "neither verbal nor grammatical inaccuracies nor the misspelling of words in an indictment are fatal to it, where they do not affect the sense, and where from the whole context, the words as well as the meaning can be determined with certainty by a person of ordinary intelligence." *State* v. *Halida*, 28 W. Va. 499; *State* v. *McGahan*, 48 W. Va. 438, 37 S. E. 573; *State* v. *Rudy*, 98 W. Va. 444, 127 S. E. 190. The plaintiff in error should not have been misled by the irregularity in punctuation and the use of the capital "A" in this indictment, and certain it is that the astute counsel who represented him in the trial of this case could not have been misled thereby.

It appears from the record that Chester Ruble, Everett Ruble and Elmer Tichnell were together on the night of the alleged breaking and entering; that Elmer Tichnell, shortly after his arrest, for this offense, made a statement by which he implicated Chester Ruble as being a party thereto. When Tichnell testified at the trial, he denied that the defendant was present at the time of the alleged breaking and entering, whereupon the state was permitted, over the objection of the defendant, to read the portion of Tichnell's statement made prior to the trial, implicating the defendant, and question Tichnell about it before the jury. We see no grounds for the objection to this procedure. The former statement of Tichnell was permitted to go to the jury, not as evidence that Ruble was, in fact, involved in the alleged commission of the crime, but to show that Tichnell had made a statement prior to the trial, inconsistent with his testimony. This is not an unusual proceeding. At the time of the admission of this statement, the court indicated that the purpose of its admission might be explained to the jury by an instruction. The fact that no such instruction was requested or given should not operate against the admission of this statement, and we see no error in the court's action with respect thereto.

Another ground of error assigned is the admission of a statement purporting to have been made by the defendant shortly after the alleged commission of the offense for which he was indicted. That there was a breaking and entering is not disputed; but the defendant contends that he was not present when this unlawful act was perpetrated, saying that he was in an intoxicated condition, unconscious, and knew nothing of what was occurring at the time the offense was committed. However, within twenty-four hours after the breaking and entering, the defendant made a statement to members of the State Police covering this offense and others, and in which he admitted that he was present at the time of the alleged commission of the offense. This statement is headed: "Statement of Chester Brooks Ruble, Parkersburg, West Virginia, concerning a series of breaking and enterings, South Parkersburg, in the last six weeks. Statement taken in the presence of Trooper C. C. Stewart." A statement then followed bearing upon the breaking and entering for which he was being tried, and also covering offenses not connected therewith. Objection was made to the introduction of this statement, and evidence was taken before the trial judge in chambers and apart from the jury on the question of its admissibility. The testimony of the trooper who secured the statement was that it was obtained without threats, promises or inducements, and with knowledge on the part of the defendant that it might be used against him. On this examination in chambers, defendant testified that at the time he made this statement he was either so intoxicated, or in such condition resulting from his former intoxication, as to be unable to make an intelligent statement. The court ruled that that part of the statement relating to the offense on which he was being tried could be introduced, whereupon counsel for the defendant excepted to the ruling on the ground that the statement could not be introduced in piecemeal rather than as a whole, and that it was improper to introduce the same in its entirety because it brought into question the character and reputation of the defendant. The court then permitted the entire statement to be read over the objection of the de-

fendant, to which ruling he objected, and which action he now assigns as error.

It may be admitted that the testimony relating to other crimes, not of the same general nature as that for which the defendant was being tried, and not connected therewith, was improper to go to the jury. It may be admitted, also, that a defendant is entitled to have a statement made by him submitted to the jury in its entirety, if he so desires. In this case, the defendant was given the opportunity to have submitted to the jury that part only of the statement which bore upon the offense for which he was being tried, but he objected to this on the ground that a part only of his statement could not be introduced. If there was any error in admitting the entire statement, it was invited, by the defendant, and he cannot now complain. This is settled law.

> "An appellant or plaintiff in error will not be permitted to take advantage of errors which he himself committed, or invited or induced the trial court to commit, or which were the natural consequences of his own neglect or misconduct. Especially is this true where the errors were not prejudicial."

5 Corpus Juris Secundum, 173, Section 1501.

> "The rule is well settled that a party cannot successfully complain of error for which he is himself responsible or of rulings which he has invited the trial court to make."
> "An appellant cannot complain of error in the admission of evidence which he himself offered or drew out. This is true even of a defendant in a criminal case."

3 Am. Juris., pp. 427-430, Sections 876, 879. *State* v. *Taylor,* 57 W. Va. 228, 50 S. E. 247; *State* v. *Calhoun,* 67 W. Va. 666, 69 S. E. 1098; *State* v. *Snider,* 81 W. Va. 522, 94 S. E. 981; *State* v. *Woodward,* 182 Mo. 391, 81 S. W. 857, 103 Am. St. Rep. 646; *State* v. *Hamey,* 168 Mo. 167, 67 S. W. 620, 57 L. R. A. 846; *Reynolds* v. *State,* 27 Neb. 90, 42 N. W. 903, 20 Am. St. Rep. 659. No con-

stitutional right of the defendant was invaded by permitting his confession to go to the jury, and if no objection had been made thereto, any irregularity would have been treated as waived. The defendant had the option of waiving his right to have the entire statement read and thereby confine the reading to that part of it which related to the charge on which he was being tried; or he could require the entire statement to be read. The objection made by him to reading a part of the statement placed the state in the position of being required to abandon the statement as a whole or take the risk of error in reading that portion of it not connected with the offense involved in the trial. We do not think the state was called upon to abandon the statement in its entirety. It was entitled to have the benefit thereof so far as it related to defendant's participation in the alleged offense on which he was being tried. The action of the defendant in insisting that a part thereof be not read places him in a position where he cannot complain of the court's action in sustaining his objection on the grounds assigned, even though it resulted in the admission in evidence of a part of the statement which he could have had eliminated. Objection was then made to the admission of the entire statement, but the court was, under the circumstances, fully warranted in admitting the same in evidence.

Another assignment of error is the failure to read to the jury the testimony introduced before the court in chambers bearing upon the admissibility of the statement of the defendant. Ordinarily, evidence of the circumstances under which a statement or confession is made should go to the jury as bearing upon the weight which should be given thereto. There are two reasons why the defendant may not complain of the court's action. One is that no request was made by the defendant that the testimony taken before the court in chambers should be read to the jury; the other that both the defendant and the trooper who took his statement testified before the jury with respect to the circumstances under which the statement was made and full opportunity was given the

defendant to thoroughly place before the jury the facts surrounding the signing thereof.

Reference is made in the record to the giving of certain instructions. The instructions complained of are not in the record. Therefore, we cannot consider them.

Finding no error in the judgment of the court below, the same is affirmed.

*Affirmed.*