557 S.E.2d 779

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Herman R. PALMER, Defendant Below, Appellant.**

**No. 29636.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 3, 2001.

Decided Dec. 7, 2001.

Dissenting Opinion of Justice Davis Dec. 12, 2001.

PER CURIAM.

Herman R. Palmer, defendant below and appellant herein, appeals the November 6, 2000 order of the Circuit Court of Berkeley County that denied reconsideration of his motion for correction of sentence filed pursuant to W. Va. R.Crim. P. 35(a). Palmer was convicted and sentenced for felony third-offense driving while suspended or revoked for driving under the influence, W. Va.Code § 17B–4–3(b), and sought in his post-trial Rule 35(a) motion to challenge the sufficiency of the indictment with respect to such offense. The circuit court denied the motion, concluding that the charging instrument was sufficient under the standard for untimely challenges to indictments set forth in *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996). We now reverse, concluding that the indictment in this case merely alleged prior convictions for driving with a revoked license— without any express or implied reference to such convictions having been predicated upon DUI-related revocations—and therefore did not state the essential elements of the offense for which Palmer was convicted and sentenced.

## I.

### BACKGROUND

Palmer was indicted in February 2000 in connection with a July 31, 1998 incident where he allegedly drove an automobile through an intersection and struck another car that was stopped at a traffic light. Palmer's driver's licence had been revoked for driving under the influence ("DUI") since 1992, and he had apparently twice before been convicted of driving while suspended or revoked for DUI. The single-count indictment contained the following charge:

> That Herman R. Palmer on or about the ____ [sic] day of July, 1998, in said County of Berkeley and the State of West Virginia, did unlawfully and feloniously drive and operate a motor vehicle, to-wit: a blue in color 1992 Dodge Shadow, bearing West Virginia Registration 9C 1381, upon public highways of said County and State at a time when his privilege or driver's license to operate a motor vehicle had been lawful-

Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, West Virginia, Attorney for Appellee.

Christopher K. Robertson, Esq., Jackson & Kelly, Martinsburg, West Virginia, Attorney for Appellant.

ly revoked for driving under the influence of alcohol, the said Herman R. Palmer having previously been convicted in the Magistrate Court of Berkeley County, West Virginia, on the 27th day of December, 1995 of driving on a suspended/revoked license, and subsequently being convicted in the Magistrate Court of Berkeley County, West Virginia, on the 2nd day of December, 1997, of driving on a suspended/revoked license, in violation of Chapter 17B, Article 4, Section 3, of the Code of West Virginia, as amended, against the peace and dignity of the State.

Palmer was subsequently convicted of felony third-offense driving while suspended or revoked for DUI following a jury trial held on April 11, 2000. Palmer did not challenge the sufficiency of the indictment with regard to this offense either before or at trial; did not object to evidence presented by the State indicating that he had twice before been convicted of driving while revoked for DUI; and did not object to the jury being instructed on the elements of the felony third-offense crime set forth in W. Va.Code § 17B-4-3(b) (1994).[1] A motion for a new trial filed pursuant to W. Va. R.Crim. P. 33, which was later denied by the circuit court, similarly failed to allege any error resulting from deficiencies in the indictment.

Palmer was subsequently sentenced on June 6, 2000 to one-to-three years imprisonment and fined $5,000—the maximum punishment permitted under § 17B-4-3(b). Palmer subsequently obtained appointed counsel for purposes of filing an appeal.[2] Shortly thereafter, on August 23, 2000, counsel filed the subject motion to correct sentence, asserting for the first time that the indictment was insufficient to support sentencing on the felony third-offense conviction because nowhere in the indictment was it alleged that Palmer's previous convictions involved revocations relating to DUI. According to Palmer, the indictment at best only

charged him with misdemeanor first-offense driving while suspended or revoked for DUI.[3]

The circuit court denied Palmer's motion to correct sentence, reasoning in its August 29, 2000 order that under *State v. Miller,* 197 W.Va. 588, 476 S.E.2d 535 (1996), the indictment should be construed in favor of validity based upon the defendant's failure to timely challenge its sufficiency. The circuit court went on to state in its order that

this particular indictment is sufficient because it: (1) states the elements of the offense charged; (2) the defendant was put on fair notice of the charge against him and in fact defended himself on those charges; and (3) the [d]efendant's conviction as it stands prevents him from being placed in double jeopardy. In addition, the dates of the two DUI on ... suspended/revoked charges were put into the indictment and substantial evidence was presented at trial that these two priors were DUI on ... suspended/revoked charges....

A subsequent motion for reconsideration was likewise denied, and this appeal followed.

## II.

### STANDARD OF REVIEW

Palmer's motion for correction of sentence was made pursuant to West Virginia Rule of Criminal Procedure 35(a). This Court indicated the proper standard of review for rulings on Rule 35 motions in syllabus point one of *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996):

In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review

---

1. The statute was amended following the commission of the subject offense, *see* 1999 W. Va. Acts. Reg. Sess., ch. 194, although none of the alterations have any bearing upon our analysis in this case.

2. Palmer's trial counsel had apparently been retained at the defendant's own expense.

3. Palmer also posited that the indictment supported a charge of misdemeanor third-offense driving while suspended or revoked as defined by W. Va.Code § 17B-4-3(a), which crime has the same punishment as a first-offense conviction arising under subsection (b) of the statute. Palmer has not otherwise challenged the indictment on grounds of duplicity.

the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

*See also State v. Duke,* 200 W.Va. 356, 489 S.E.2d 738, 744 (1997). Because the lower court's ruling on the motion to correct sentence turned exclusively upon the legal issue of whether the underlying indictment stated the offense for which Palmer was convicted, we undertake plenary review. See syl. pt. 2, in part, *State v. Miller,* 197 W.Va. 588, 476 S.E.2d 535 (1996) ("Generally, the sufficiency of an indictment is reviewed *de novo.*"); *see also* syl. pt. 3, *State v. Wallace,* 205 W.Va. 155, 517 S.E.2d 20 (1999); syl. pt. 7, *State v. Bull,* 204 W.Va. 255, 512 S.E.2d 177 (1998).

### III.

### DISCUSSION

■ Palmer argues that the indictment in this case was insufficient to charge him with the crime for which he was ultimately convicted because, *inter alia,* it failed to properly allege as status elements his two prior convictions for driving while suspended or revoked for DUI. The State counters by asserting that because Palmer was untimely in objecting to the indictment or otherwise taking steps to limit the jury's consideration of the felony third-offense issue, the Court must examine the indictment under the liberal construction standard announced in *State v. Miller,* 197 W.Va. 588, 476 S.E.2d 535 (1996). According to the State, the indictment was sufficient under this standard

because, among other things, it referenced the prior offenses by both date of judgment and place of conviction.

■ As an initial matter, the Court agrees with the State that our analysis in this case must be guided by the statement in syllabus point one of *Miller:*

> Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.

*See also* syl. pt. 6, *State v. Bull,* 204 W.Va. 255, 512 S.E.2d 177 (1998); syl. pt. 3, *State ex rel. Thompson v. Watkins,* 200 W.Va. 214, 488 S.E.2d 894 (1997) (per curiam).[4] The purpose behind this rule is to prevent a criminal defendant from "sandbagging" or deliberately foregoing raising an objection to an indictment so that the issue may later be used as a means of obtaining a new trial following conviction. *See* 4 Wayne R. LaFave et al., *Criminal Procedure* § 19.1(d), at 741 (2d ed.1999). The rule we announced in *Miller* now makes this stratagem extremely perilous.

■ As is made clear by W. Va. R.Crim. P. 12(b)(2),[5] a challenge to an indictment

---

**4.** Where an objection to an indictment is timely made, we apply the more exacting standard for determining the sufficiency of an indictment recently stated in *State v. Wallace,* 205 W.Va. 155, 517 S.E.2d 20 (1999):

> An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

Syl. pt. 6, *id.* Even under this more rigorous standard, "[t]he sufficiency of a criminal indict-

ment is measured in practical, common sense terms by whether it meets these basic constitutional requirements. 'No particular form of words is required ... so long as the accused is adequately informed of the nature of the charge and the elements of the offense are alleged.'" *Wallace,* 205 W.Va. at 161, 517 S.E.2d at 26 (citations omitted).

**5.** Rule 12(b)(2) states,

> (b) Pretrial Motions. Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

must be made at the earliest possible moment. And while it is conceivable that Palmer, because of the alleged deficiencies in the indictment, was not aware prior to trial that the State was attempting to charge him with third-offense driving while revoked for DUI, he was nevertheless clearly put on notice as to such intention when the prosecution introduced evidence of his prior convictions and sought an instruction on the elements of the felony third-offense charge. Palmer should therefore have sought to limit the scope of the indictment at trial by making the necessary objections, and his failure to do so requires that this Court now liberally construe the indictment in favor of charging the offense for which he was convicted.

 The failure of an indictment to adequately state the essential elements of a criminal charge is a fundamental defect that may be raised at any time. *See* syl. pt. 1, *State ex rel. Combs v. Boles,* 151 W.Va. 194, 151 S.E.2d 115 (1966) ("In order to lawfully charge an accused with a particular crime it is imperative that the essential elements of that crime be alleged in the indictment."); *see also State v. Wallace,* 205 W.Va. at 160–61, 517 S.E.2d at 25–26; *State v. Knight,* 168 W.Va. 615, 620–21, 285 S.E.2d 401, 405 (1981). As one commentator has observed, the refusal of courts to apply concepts of waiver and forfeiture to such challenges "appears to lie in the non-notice function of the essential elements requirement, with special emphasis on the concept that the pleading serve as the formal basis of the judgment of

conviction." LaFave, *supra,* § 19.3(e), at 778. Thus, whether an indictment charges an offense, and is therefore valid under the standard set forth in *Miller,* is determined solely by whether it meets the essential elements requirement. *Id.*

In this case, Palmer asserts that his prior convictions under W. Va.Code § 17B–4–3(b) are status elements of the felony third-offense crime for which he was convicted, and that the failure of the indictment to reasonably allege these elements precluded a lawful conviction on such charge.

 This Court recently indicated that prior convictions for driving while revoked for DUI are, in fact, status elements of the felony third-offense crime defined in W. Va.Code § 17B–4–3(b).[6] In *State v. Dews,* 209 W.Va. 500, 549 S.E.2d 694 (2001), the Court extended the reach of *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999) (defendant in recidivist DUI proceeding entitled to stipulate to prior offenses and avoid their disclosure to jury through bifurcated proceeding), holding that a defendant charged with violating W. Va.Code § 17B–4–3(b) is entitled to stipulate to the status elements of such offense, and to bifurcate proceedings as necessary to avoid disclosing the defendant's prior convictions to the jury. Implicit in our holding in *Dews* was a recognition that a prior conviction for driving while suspended or revoked for DUI is a status element of the recidivist offenses contained in § 17B–4–3(b), a conclusion that is self-evident given the

---

. . .

(2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense shall be noticed by the court at any time during the pendency of the proceedings); . . . .

**6.** W. Va.Code § 17B–4–3(b) (1999) states, without material change from the statute under which Palmer was convicted, as follows:

(b) Any person who drives a motor vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully revoked for driving under the influence of alcohol, controlled substances or other drugs, or for driving while having an alcoholic concentration in his or her blood of ten hundredths of one percent or more, by weight, or for refusing to take a secondary chemical test

of blood alcohol content, is, for the first offense, guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for six months and in addition to the mandatory jail sentence, shall be fined not less than one hundred dollars nor more than five hundred dollars; for the second offense, the person is guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for a period of one year and, in addition to the mandatory jail sentence, shall be fined not less than one thousand dollars nor more than three thousand dollars; *for the third or any subsequent offense,* the person is guilty of a felony and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than three years and, in addition to the mandatory prison sentence, shall be fined not less than three thousand dollars nor more than five thousand dollars.
(Emphasis added.)

structural and textual similarity between that statute and those penal laws that we have previously made clear create status element offenses.[7] Consequently, given that they are essential elements of the recidivist crimes set forth in § 17B–4–3(b), indictments charging these offenses must make reference to such prior convictions.

Turning to an analysis of the text of the indictment in question, the Court is simply unable to conclude that it alleged prior convictions for driving suspended or revoked for DUI so as to validly charge Palmer with the offense for which was convicted. While the indictment makes reference to two previous convictions, they are described in terms of the defendant "having previously been convicted ... of driving on a suspended/revoked license." There is no reference whatsoever to the fact that these previous convictions pertained to a DUI-related suspension or revocation.

Nor are we able to find these essential status elements by implication. Nowhere is there language expressly stating that the defendant is being charged with third-offense driving while suspended or revoked for DUI, from which one could reasonably infer that the referenced convictions were DUI-related. And the omission of any precise reference to prior violations of § 17B–4–3(b) is likewise not cured by the allegation that the current offense is predicated upon the defendant having had "his privilege or driver's license to operate a motor vehicle ... lawfully revoked for driving under the influence of alcohol," since there is no reasonable basis upon which to presume that the status of Palmer's license at the time of the underlying 1998 offense was the same as when he committed the prior offenses. Moreover, as worded the indictment could satisfactorily be read as charging an offense under W. Va.Code § 17B–4–3(a), which sets forth separate misdemeanor offenses for second- and third-offense driving while one's license has been suspended or revoked, as the recidivist offenses set forth in subsection (a) do not require that a license rescission be predicated upon a DUI violation.

This Court previously stated that an indictment's reference to the applicable statute " 'necessarily carries with it all the [implicit] elements of the offense charged under that section,' " *State v. Young,* 185 W.Va. 327, 341, 406 S.E.2d 758, 772 (1991) (quoting *State v. Nester,* 175 W.Va. 539, 542 n. 1, 336 S.E.2d 187, 189 n. 1 (1985)) (alteration in *Young*) (footnote omitted); *see also United States v. Forbes,* 16 F.3d 1294, 1297 (1st Cir.1994) ("While statutory citation, standing alone, cannot substitute for setting forth the elements of a crime, it may reinforce other references in the indictment so as to render it valid.") (citation omitted). In this case, however, the indictment references § 17B–4–3 in its entirety, and thus we are unable to derive any guidance as to the specific offense charged because the statute delineates a number of separate crimes. The State points out that the indictment uses the term "feloniously," and on such basis argues that since § 17B–4–3 contains only one felony offense, the indictment can be construed to refer exclusively to third-offense driving while suspended or revoked for DUI. In other words, the State suggests that on this basis we can read the indictment's reference to the two prior offenses as impliedly alleging the necessary status elements of the third-offense crime. While this construction is not without a trace of logic, it is simply too slender a reed upon which to reasonably conclude, even under *Miller's* forgiving standard, that the indictment charged Palmer with the felony offense for which he was convicted.

Thus, we conclude that the indictment in this case failed to satisfy the minimum criteria for describing the essential elements of the felony third-offense crime defined by W. Va.Code § 17B–4–3(b), and the lower court therefore erred in failing to grant Palmer's motion to correct sentence under W. Va. R.Crim. P. 35(a).

---

**7.** *See State v. Nichols,* 208 W.Va. at 442 n. 18, 541 S.E.2d at 320 n. 18 (distinguishing recidivist DUI statute, W. Va.Code § 17C–5–2(j) & (k) (1996), which the Court indicated was a " 'status' element offense," from habitual offender statute, W. Va.Code § 61–11–19 (1943), which was described as an " 'enhancement' statute").

## IV.

### CONCLUSION

For the reasons stated, the ruling of the Circuit Court of Berkeley County on Palmer's motion for correction of sentence is reversed, and this case is remanded for purposes of resentencing the defendant in accord with the punishment for first-offense driving while suspended or revoked for DUI as set forth in W. Va.Code § 17B–4–3(b).[8]

Reversed and remanded with directions.

DAVIS, Justice, dissenting.

(Filed Dec. 12, 2001)

The majority opinion reversed Mr. Palmer's conviction and sentence for third-offense driving while his license was suspended or revoked for driving under the influence. The majority concludes that the indictment was fatally flawed because it failed to articulate that Mr. Palmer's prior convictions involved DUI-related revocations. I believe the indictment in this case was sufficient. Therefore, the conviction and sentence should not have been disturbed. For the reasons set forth below, I respectfully dissent.

### A. The Indictment Was Sufficient

Mr. Palmer alleged that the indictment against him did not apprise him of the charge for which he was convicted and sentenced. Justice Cleckley clearly enunciated that "the sufficiency of an indictment is determined by practical rather than technical considerations." *State v. Miller*, 197 W.Va. 588, 599, 476 S.E.2d 535, 546 (1996). *See State v. Wallace*, 205 W.Va. 155, 161, 517 S.E.2d 20, 26 (1999) ("The sufficiency of a criminal indictment is measured in practical, common sense terms[.]"). Moreover, "[n]o particular

form of words is required … so long as the accused is adequately informed of the nature of the charge and the elements of the offense are alleged." *State v. Hall*, 172 W.Va. 138, 143–44, 304 S.E.2d 43, 48 (1983). Finally, "[a]n indictment as drafted is presumed sufficient if it tracks the statutory language, cites the elements of the offense charged, and provides the other essential details, such as time, place, and persons involved, to provide adequate notice to the defendant." *State v. Miller*, 197 W.Va. 588, 600, 476 S.E.2d 535, 547 (1996).

For the majority opinion to find the indictment fatally insufficient, it had to take pertinent language of the indictment out of context and analyze that language in isolation. In doing so, the majority opinion concluded that the indictment did not apprise Mr. Palmer of the basis of the two prior driving offenses. I find the majority's method of analysis to not only be illogical; but, further use of such an analysis may result in the invalidation of every indictment issued by a grand jury. The proper analysis for an indictment is to look at it as a whole. An indictment is "not fatal, where from the whole thereof the meaning is made clear to a person of ordinary intelligence." Syl. pt. 1, *State v. Ruble*, 119 W.Va. 356, 193 S.E. 567 (1937).

The indictment in this case was sufficient so as not to even require Mr. Palmer to file a bill of particulars.[1] In making my analysis of the indictment in this case, I do so with the understanding that an "[a]ssessment of the facial sufficiency of an indictment is limited to its 'four corners[.]'" Syl. pt. 2, in part, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999).

---

**8.** The Court notes that Palmer has not sought to have his underlying conviction vacated on the basis of the defective indictment, but instead has chosen only to challenge the resulting sentence. We therefore confine our directions upon remand to the relief sought.

**1.** To the extent that an indictment omits nonfatal information, a defendant may seek that information by filing a bill of particulars under Rule 7(f) of the West Virginia Rules of Criminal Procedure. *See State v. Meadows*, 172 W.Va. 247, 254, 304 S.E.2d 831, 838 (1983) ("[A]ny lack of speci-

ficity with regard to details in an indictment are discoverable upon a proper motion for a bill of particulars."). We have long recognized that "[a] bill of particulars is for the purpose of furnishing details omitted from the accusation or indictment, to which the defendant is entitled before trial." *State v. Counts*, 90 W.Va. 338, 342, 110 S.E. 812, 814 (1922). *See also State v. Zain*, 207 W.Va. 54, 66, 528 S.E.2d 748, 760 (1999); *State v. Meadows*, 172 W.Va. 247, 254, 304 S.E.2d 831, 838 (1983).

**380**

The pertinent language of the statute under which Mr. Palmer was indicted, W. Va. Code § 17B–4–3(b), states:

> Any person who drives a motor vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully revoked for driving under the influence of alcohol ... is ... for the third or any subsequent offense ... guilty of a felony[.]"

Under the language of this statute, at a minimum, an indictment must allege (1) a person, (2) driving, (3) while his/her license was revoked, (4) for DUI, (5) on two or more previous occasions.

In reading the "four corners" of the indictment in this case, it provides that Mr. Palmer was being charged with driving a motor vehicle "at a time when his privilege or driver's license to operate a motor vehicle had been lawfully revoked for driving under the influence of alcohol[.]" The indictment then sets out the dates and courts where the two prior DUI convictions occurred.[2] Our cases have made clear that "[a]n indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syl. pt. 3, *State v. Hall,* 172 W.Va. 138, 304 S.E.2d 43 (1983). *See also* Syl. pt. 7, *State v. Zain,* 207 W.Va. 54, 528 S.E.2d 748 (1999); Syl. pt. 8, *State v. Bull,* 204 W.Va. 255, 512 S.E.2d 177 (1998).

The majority opinion contends that the indictment does not state "that these previous convictions pertained to a DUI-related suspension or revocation." However, by placing the language in its proper context, the indictment does, in fact, apprise Mr. Palmer that he was being charged with driving while his license was revoked for DUI on two previous occasions in Berkeley County.

For the reasons stated herein, I respectfully dissent from the majority decision. I am

authorized to state that Justice MAYNARD joins me in this dissenting opinion.

---

2. *See* Syl. pt. 3, *State v. Loy,* 146 W.Va. 308, 119 S.E.2d 826 (1961) ("An indictment alleging a prior conviction for the purpose of augmenting the sentence to be imposed, is sufficient, as to such prior conviction, if it avers the former conviction with such particularity as to reasonably indicate the nature and character of the former offense, the court wherein the conviction was had and identifies the person so convicted as the person subsequently indicted.").