# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-0945** (Wood County 11-F-244)

**Charles Carlyle Payne,**
**Defendant Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles Carlyle Payne, by counsel Angela Brunicardi-Doss, appeals the Circuit Court of Wood County's August 21, 2014, order sentencing him to three terms of incarceration of one to fifteen years for each of three counts of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401. The State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order. Petitioner filed a reply.[1] On appeal, petitioner asserts that the circuit court erred in denying his motion for judgment of acquittal because he claims the underlying indictment failed to name a statutorily defined controlled substance.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] In his reply brief to this Court, petitioner attached an exhibit containing a portion of transcript from his underlying trial. Petitioner later filed a motion to supplement the appendix record with that portion of trial transcript, but he filed that motion after this case became mature for review and after the State filed its response to his petition for appeal. We denied petitioner's motion to supplement. Therefore, we decline to consider that material. *See* W.Va. R. App. P. 7 (regarding appendix records and supplemental appendix records); *see also State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013) (stating that "[a]n appellant must carry the burden of showing error in the judgment of which he complains."). We also note that petitioner's appendix record contains only two non-sequential pages of trial transcript, which include only limited testimony from the State's expert chemist. It is unclear from the record before this Court whether additional portions of the chemist's testimony could have provided context for, or a more complete discussion of, the error assigned herein. *See* W.Va. R. App. P. 7(d)(5) (providing that "[t]he petitioner shall prepare and file an appendix containing . . . [m]aterial excerpts from official transcripts of testimony . . . . Such excerpts must contain all the testimony or averments upon which the petitioner relies and upon which it may be reasonably assumed the respondent will rely. If transcript excerpts are misleading or unintelligible by reason of incompleteness or lack of surrounding context, the entire transcript must be provided.").

1

reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, the Grand Jury of Wood County indicted petitioner on three counts of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401. The indictment provided that petitioner unlawfully, intentionally, and feloniously delivered "cocaine base, also known as crack, a Schedule II narcotic controlled substance[.]" In March of 2012, the circuit court held a two-day jury trial on the indictment. During the State's case-in-chief, the State's expert chemist testified as to the difference between cocaine and cocaine base, explaining that "[c]ocaine base actually is not water-soluble. It's commonly called crack. It is typically smoked whereas cocaine salt or just cocaine will be snorted because it is water-soluble." It is unclear from the record on appeal whether the expert chemist testified further about the nature of the substance at issue. The jury convicted petitioner on all counts, and the circuit court sentenced him to two concurrent terms of incarceration of one to fifteen years and a third term of incarceration of one to fifteen years to run consecutive to the first two counts. This appeal followed.

We have held that "'[g]enerally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations.' Syl. Pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996)." Syl. Pt. 2, *State v. Palmer*, 210 W.Va. 372, 557 S.E.2d 779 (2001). "An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syl. Pt. 7, *State v. Chic-Colbert*, 231 W.Va. 749, 749 S.E.2d 642 (2013) (citations omitted). We have also held that

> "Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted." Syllabus Point 1, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996).

Syl. Pt. 3, *State v. Palmer*, 210 W.Va. 372, 557 S.E.2d 779 (2001).

On appeal, petitioner assigns error to the sufficiency of the indictment on which he was convicted. We first note that we agree with the State that the record before us does not provide when and how petitioner objected or otherwise presented this issue to the circuit court. *See* W.Va. R. App. P. 10(c)(7) (requiring that petitioner's brief include an argument that "contain[s] appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."); W.Va. R. App. P. 6(c) (providing that "the petitioner is responsible for preparing and filing the appendix as set forth in Rule 7."); see also *State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132

(2013) ("[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment."). Therefore, we address petitioner's challenge to the underlying indictment with the consideration that he failed to object on this issue prior to trial. As such, we will construe the indictment in favor of validity "unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law[,]" pursuant to Syllabus Point 3 of *Palmer*, 210 W.Va. at 372, 557 S.E.2d at 779.

In this case, petitioner was indicted on three counts of unlawfully, intentionally, and feloniously delivering "cocaine base, also known as crack, a Schedule II narcotic controlled substance" in violation of West Virginia Code § 60A-4-401. He argues that the underlying indictment was insufficient because "cocaine base" and "crack" are not Schedule II controlled substances listed in West Virginia Code. We disagree. West Virginia Code § 60A-2-206(b)(4) lists the following as Schedule II controlled substances:

> [c]oca leaves and any salt, compound, derivative or preparation of coca leaves (including cocaine and ecgonine and their salts, isomers, derivatives and salts of isomers and derivatives), and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extractions of coca leaves, which extractions do not contain cocaine or ecgonine[.]

It is a reasonable construction of the underlying indictment that the phrase "cocaine base" is a "cocaine . . . derivative" as listed in West Virginia Code § 60A-2-206(b)(4), which could be considered "a material, compound, mixture, or preparation containing" the listed substance of "coca leaves[.]" Additionally, although petitioner argues that the State's expert chemist testified as to the difference between "cocaine base" and "cocaine," the testimony does not support the assertion that "cocaine base" is not a derivative of "cocaine."

Further, while petitioner relies on this Court's opinion in *State ex rel. Hubbard v. Spillers*, 157 W.Va. 522, 202 S.E.2d 180 (1974), that reliance is misplaced because *Hubbard* is clearly distinguishable from this case. In *Hubbard*, this Court granted a writ of prohibition based on a defendant's indictment for feloniously delivering "hashish" in violation of West Virginia Code § 60A-4-401 because "hashish" was not a listed controlled substance. In syllabus point 2 of that case, we held that

> [a]n indictment which charges, under the provisions of Chapter 60A of Code, 1931, as amended, the unlawful and felonious delivery of a controlled substance not specifically listed in the statutory schedule contained in Code, 1931, 60A-2-204(d), as amended, is void where it fails to charge that the substance was the same as a listed substance or was a material, compound, mixture, or preparation containing one of the listed substances.

3

157 W.Va. at 522, 202 S.E.2d at 181. Unlike *Hubbard*, petitioner's matter is not before us on a petition for writ of prohibition, nor does it involve an indictment that failed to charge the delivery of "a material, compound, mixture, or preparation containing one of the listed substances." Therefore, given the circumstances of this case and the limited record before us on appeal, we cannot find reversible error with regard to the underlying indictment. Clearly, the indictment is not so defective that it failed, by any reasonable construction, to charge an offense under West Virginia law, and it fulfills those requirements listed in Syllabus Point 7 of *Chic-Colbert*, 231 W.Va. at 749, 749 S.E.2d at 642.

For the foregoing reasons, the circuit court's August 21, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II