# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-1014** (Randolph County 13-F-26)

**Rebecca Lou Blankenship,**
**Defendant Below, Petitioner**

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rebecca Lou Blankenship, by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's September 16, 2014, order sentencing her to one to three years of incarceration for her conviction for driving while her license was revoked for DUI, third or subsequent offense, and to not more than one year for her conviction of the misdemeanor count of driving with no insurance. Petitioner's sentences were to be served consecutively. The State, by counsel Derek A. Knopp, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) failing to grant her motion for a bifurcated trial; (2) permitting the jury to consider a document that implied an inaccurate number of prior convictions; (3) and allowing the State to introduce a prejudicially defective criminal conviction to be used as a predicate offense. Petitioner also alleges cumulative error.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2013, petitioner was indicted on one felony count of driving while her license was revoked for DUI, third or subsequent offense in violation of West Virginia Code § 17B-4-3(b); one misdemeanor count of driving with no insurance in violation of West Virginia Code § 17D-2A-3; and one misdemeanor count of driving with no registration in violation of West Virginia Code § 17A-3-1(a). The charges arose out of a traffic stop wherein petitioner was initially pulled over for an expired registration. In March of 2013, petitioner filed a motion to bifurcate the trial. No further action was taken in regard to this motion. A jury trial was set for May 31, 2013. Petitioner's trial was delayed, however, due to continuances and her failure to appear on two occasions resulting in capiases for her arrest.

In May of 2014, petitioner's jury trial commenced. During trial, the State presented testimony from the Randolph County Sheriff's deputy who initiated petitioner's traffic stop. Petitioner testified at trial that she had not been twice convicted of driving while her license was

1

revoked for DUI, but rather only once. The State admitted evidence contrary to petitioner's testimony, including a certified copy of her DMV driving history and two certified magistrate court disposition forms, which showed petitioner's two prior convictions for driving while her license was revoked for DUI. Based on the evidence, the jury found petitioner guilty of all three counts as contained in the indictment. Petitioner was subsequently sentenced to one to three years of incarceration for her conviction of driving while license revoked for DUI, third or subsequent offense, in violation of West Virginia Code § 17B-4-3(b), and was assessed a $3,000 fine. She was also sentenced to not more than one year in jail for her conviction of the misdemeanor count of no insurance in violation of West Virginia Code § 17D-2A-3, and was assessed a $1,000 fine. The circuit court ordered these two sentences to run consecutively. Petitioner was also assessed a $100 fine for her conviction on one misdemeanor count of no registration in violation of West Virginia Code § 17A-3-1(a). The circuit court entered the sentencing order on September 16, 2014, and it is from this order that petitioner appeals.

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). On appeal, petitioner first argues that the circuit court erred by not granting her motion to bifurcate her trial pursuant to our decision in *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003). We held as follows in *McCraine*:

> "[a] trial court must grant bifurcation in all cases tried before a jury in which a criminal defendant seeks to contest the validity of any alleged prior conviction as a status element and timely requests that the jury consider the issue of prior conviction separately from the issue of the underlying charge."

*Id*. at 193, 588 S.E.2d. at 182, syl. pt. 11. While she asserts that the circuit court was still bound by *McCraine* at the time of her trial, petitioner's reliance is misplaced.

We have subsequently held:

> When a defendant is charged with a crime in which a prior conviction is an essential element of the current crime charged . . . and does not stipulate to having been previously convicted of a crime, the trial court shall not bifurcate the prior conviction from the remaining elements of the crime charged. To the extent *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003), is inconsistent with this holding, it is hereby overruled.

Syl. Pt. 4, *State v. Herbert*, 234 W.Va. 576, 767 S.E.2d 471 (2014). Based upon this subsequent holding, we find no error in the circuit court denying petitioner's motion for bifurcation. First, it is clear that the crime with which petitioner was charged, third offense driving while license suspended for DUI, includes prior convictions for this crime as essential elements. *See State v. Palmer*, 210 W.Va. 372, 378, 557 S.E.2d 779, 785 (2001) (holding that prior convictions for driving while revoked for DUI "are essential elements of the recidivist crimes set forth in West Virginia Code § 17B-4-3(b).") Second, the record is clear that petitioner did not stipulate to the prior convictions at issue and, instead, challenged their validity below. Specifically, petitioner stipulated to only one previous conviction for driving while her license was revoked for DUI.

2

Further, petitioner testified that the other convictions reflected in the evidence submitted by the State constituted transcription errors by the probation officer.[1] Because petitioner chose to challenge the validity of her some of her prior convictions as essential elements to the crime with which she was charged, the circuit court did not err in failing to grant her motion to bifurcate. Accordingly, we find no error.

Petitioner next argues that the circuit court committed plain error by permitting the jury to consider a document that implied an inaccurate number of prior convictions and by permitting a facially defective conviction to be used as a predicate offense. Because these two assignments of error are similar, we will address them together. Specifically, petitioner asserts that the circuit court erred in permitting the jury to view a magistrate court deposition form that provided that she pled down a felony charge of driving suspended for DUI, fourth offense, because it actually demonstrated that she had not been convicted of a first offense of that charge. Petitioner contends that the State failed to prove that she had been convicted of a first, second, or third offense of that charge. A thorough review of the record on appeal, however, proves otherwise. It is clear that petitioner never brought these issues to the circuit court's attention or otherwise objected to the document at trial. Likewise, petitioner concedes that she did not raise these issues below. We have previously held that our "general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered . . . [for] the first time on appeal." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) (citing *Whitlow v. Bd. of Educ. of Kanawha Cty*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)). Because petitioner failed to raise this issue below, the Court declines to consider the same on appeal.

Finally, petitioner argues that the circuit court erred cumulatively, citing our prior holding, which states that "[w]here the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error." Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). Based on the evidence above, we find no merit to petitioner's cumulative error argument. Petitioner failed to demonstrate that the circuit court erred. "In order to invoke the cumulative error doctrine, there must be more than one harmless error." *State v. McKinley*, 234 W.Va. 143, 167, 764 S.E.2d 303, 327 (2014). Therefore, we reject petitioner's final assignment of error.

For the foregoing reasons, the circuit court's September 16, 2014, order, is hereby affirmed.

Affirmed.

---

[1]In support of her argument, petitioner references her full criminal background report, but does not provide a copy of this report on appeal and acknowledges that that it was not a part of the circuit court record.

**ISSUED:  March 7, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II