**FILED**
**May 17, 2017**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0153 - <u>State v. Belinda Ann Fuller</u>

LOUGHRY, Chief Justice, dissenting, joined by Justice Walker:

Ignoring clear statutory language and engaging in a convoluted analysis, the majority of this Court has gone out of its way to manufacture a non-existent ambiguity in the prostitution statute, West Virginia Code § 61-8-5(b) (2014). Moreover, even under the majority's misguided analysis, there is no justification for an outright dismissal of the petitioner's indictment. Because the majority has imprudently overstepped its judicial authority and reversed a valid conviction, I am compelled to dissent.

A plain reading of West Virginia Code § 61-8-5 reveals that the statute was designed to criminalize the conduct of all persons engaged in the prohibited enterprise of prostitution. Subsection (a) applies to persons who establish, maintain, or operate a house or other place for the purpose of prostitution. *Id.* Subsection (b) criminalizes the conduct of prostitution:

> Any person who shall engage in prostitution, lewdness, or assignation, or who shall solicit, induce, entice, or procure another to commit an act of prostitution, lewdness, or assignation; or who shall reside in, enter, or remain in any house, place, building, hotel, tourist camp, or other structure, or enter or remain in any vehicle, trailer, or other conveyance for the purpose of prostitution, lewdness, or assignation; or who shall aid, abet, or participate in the doing of any of the acts herein prohibited, shall, upon conviction . . . be punished[.]

1

W.Va. Code § 61-8-5(b), in part.  Thus, subsection (b) applies whether the misconduct is committed by a person who sells a sex act, purchases or "procures" a sex act, solicits an act of prostitution, induces or arranges for another person to commit prostitution, or aids and abets prostitution.  *Id.*  The Legislature then mandated that persons with multiple convictions for acts committed in violation of this statute are to receive increased penalties:

> [The person] shall, upon conviction for the first offense under this section, be punished by imprisonment in the county jail for a period of not less than sixty days nor more than six months, and by a fine of not less than fifty dollars and not to exceed one hundred dollars; and upon conviction for the second offense under this section, be punished by imprisonment in the county jail for a period of not less than six months nor more than one year, and by a fine of not less than one hundred dollars and not to exceed two hundred fifty dollars, and *upon conviction for any subsequent offense under this section* shall be punished by imprisonment in the penitentiary for not less than one year nor more than three years.
>  *The subsequent offense provision shall apply only to* the pimp, panderer, solicitor, operator or *any person benefit[t]ing financially or otherwise from the earnings of a prostitute*.

*Id.*  (emphasis added).


The penalty provisions are patent and wholly lacking in ambiguity.  After a second conviction, a "conviction for any subsequent offense under this section shall be punished" with the increased penalty of one to three years in prison when committed by "any person benefit[t]ing financially or otherwise from the earnings of a prostitute."  *Id.*  Because the petitioner is a person who benefits financially from her *own* earnings as a prostitute, and

2

because this is her third instance of being convicted for an offense prohibited by West Virginia Code § 61-8-5(b), a straightforward application of the law requires this Court to affirm her conviction and sentence. Contrary to the petitioner's argument, there is nothing in this statute to limit the subsequent offense enhancement only to "third parties" who derive a financial benefit. Rather, the plain language in subsection (b) applies the penalty enhancement to "any person" deriving a financial or other benefit from the earnings of prostitution. There is no ambiguity or double meaning here. "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968); *see also* Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."). Because the statutory language is not ambiguous, the rule of lenity does not apply. *See* Syl. Pt. 5, *State ex rel. Morgan v. Trent*, 195 W.Va. 257, 465 S.E.2d 257 (1995) (holding that rule of lenity applies when courts construe ambiguous criminal statutes).

To find that the subsequent offense provision is subject to different interpretations, the majority focuses upon the absence of the word "prostitute" in the list "pimp, panderer, solicitor, and operator" in the last sentence of subsection (b). This skewed analysis blatantly ignores two key provisions in the law. First, the statute directs that a

3

person convicted of "*any* subsequent offense under this section" is subject to the enhancement, and prostitution is an offense expressly set forth in this section of the Code. *See* W.Va. Code § 61-8-5(b) (emphasis added). Second, immediately after specifying pimp, panderer, solicitor, and operator, the Legislature included "*or any person* benefit[t]ing financially or otherwise from the earnings of a prostitute" within the purview of the penalty enhancement. *Id.* (emphasis added). It was unnecessary for the Legislature to repeat the word "prostitute" in the last sentence of subsection (b) because a person committing prostitution necessarily will benefit financially or otherwise from his or her *own earnings*. This Court is not at liberty to selectively ignore words in a statute under the guise of statutory construction. "[S]ignificance and effect must, if possible, be given to every section, clause, word or part of the statute." Syl. Pt. 2, in part, *State v. McDaniel*, 238 W.Va. 61, 792 S.E.2d 72 (2016) (citation omitted); *see also Jackson v. Belcher*, 232 W.Va. 513, 518, 753 S.E.2d 11, 16 (2013) (recognizing that "to fulfill a statute's legislative intent, it is necessary to give effect to every word and part of a statute"); Syl. Pt. 11, in part, *Brooke B. v. Ray*, 230 W.Va. 355, 738 S.E.2d 21 (2013) (stating that courts may not "eliminate through judicial interpretation words that were purposely included").

Moreover, the subsequent offense provision unquestionably applies to "solicitors" of prostitution; the word "solicitor" is expressly delineated in the last sentence of subsection (b). *See* W.Va. Code § 61-8-5(b). Consequently, if we were to follow the

majority's tortured reasoning to its logical conclusion, this provision would enhance the sentences of people who merely solicit acts of prostitution but, paradoxically, would not enhance the sentences of people who actually consummate acts of prostitution. It simply is not reasonable to conclude that the Legislature intended such an absurd distinction. "[T]he duty of this Court [is] to avoid whenever possible a construction of a statute which leads to absurd, inconsistent, unjust or unreasonable results." *State v. Kerns*, 183 W.Va. 130, 135, 394 S.E.2d 532, 537 (1990); *see also*, Syl. Pt. 2, *Newhart v. Pennybacker*, 120 W.Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made."). Indeed, the petitioner was convicted of third offense "soliciting an act of prostitution"–not third offense "committing prostitution."[1] The ambiguity fabricated by the majority regarding the application of the subsequent offense enhancement to "prostitutes" should be immaterial to this conviction. Instead, the majority chooses to shield the petitioner from punishment for being a convicted solicitor because she was also the prostitute in the proffered transaction. As the State argues in its brief, this "amounts to making actual prostitution a mitigating factor." I simply cannot concur in such a preposterous reading of the statute.

---

[1]The charge of "soliciting" reflects that a sex act was not consummated; the petitioner's offer to perform a sex act in exchange for money was made to an undercover police officer who promptly arrested her.

A plain reading of West Virginia Code § 61-8-5(b) indicates that the Legislature intended for the subsequent offense enhancement to apply to all persons who benefit financially or otherwise[2] from the earnings of prostitution, while this enhancement is inapplicable to persons who do *not* benefit financially or otherwise from those earnings.[3] This was a policy decision the Legislature made more than seven decades ago. When enacting additional laws in 1986 pertaining to the offenses of pandering and pimping,[4] the Legislature did not modify its policy regarding the subsequent offense enhancement. "The Legislature has power to create and define crimes and fix their punishment[.]" Syl. Pt. 2, in part, *State v. Woodward*, 68 W.Va. 66, 69 S.E. 385 (1910). This Court should not second-guess the Legislature on matters of public policy. *See* Syl. Pt. 2, in part, *Huffman v. Goals Coal Co.*, 223 W.Va. 724, 679 S.E.2d 323 (2009) ("This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation.").

_____

[2]An example of "benefitting . . . otherwise" could include a prostitute's acceptance of illegal drugs instead of money for the performance of a sex act.

[3]Examples of people who do not "benefit financially or otherwise" from a prostitute's "earnings" would include persons who pay for sex acts, and persons who aid and abet prostitution without receiving any remuneration from the earnings. Pursuant to West Virginia Code § 61-8-5(b), these individuals are subject to an enhanced penalty under the second offense provision but not under the subsequent offense provision.

[4]*See* W.Va. Code §§ 61-8-7, -8 (2014).

In a circuitous attempt to support its tortured declaration of ambiguity, the majority quotes the more-recently enacted statutes that address only pandering and pimping.[5] However, those statutes have no bearing upon the petitioner's conduct or conviction. The petitioner committed the crime of soliciting an act of prostitution, not pimping or pandering. As noted above, West Virginia Code § 61-8-5(b) encompasses the misconduct of several different participants in the crime of prostitution, including persons who commit acts of prostitution, solicitors of prostitution, aiders and abetters, etc. Persons who violate West Virginia Code § 61-8-5(b) in ways other than pimping and pandering are still subject to punishment, including the penalty enhancement for subsequent offenses if they benefit financially or otherwise from the earnings. The Legislature's enactment of new statutes addressing pimping and pandering did not alter this statutory mechanism.

In a further effort to convolute the plain legislative directive, the majority engages in a wholly irrelevant discussion of the history of the statute. The majority claims that before 1943, the Legislature criminalized houses of ill fame without seeking to punish a person for engaging in "prostitution per se." *See* Barnes West Virginia Code Ann. 1923 ch. 149 § 10 (prohibiting "houses of ill-fame"). Even if this statement was factually accurate, it would be of no moment. More than seventy years ago, the Legislature unquestionably criminalized a person's act of engaging in prostitution with the enactment of West Virginia

---

[5]*See supra* note 4.

Code § 61-8-5(b) ("Any person who shall engage in prostitution . . . shall, upon conviction . . . be punished[.]"). Furthermore, a review of other statutes from the time period reveals that pre-1943 enactments did criminalize certain sexual behavior by individuals. *See* Barnes West Virginia Code Ann. 1923 ch. 149 § 6 (prohibiting adultery and fornication); § 7 (prohibiting lewdness). Pursuant to the social standards of the time, the Legislature prohibited these acts between non-married adults regardless of whether the acts happened to be performed in exchange for financial remuneration.

Further perplexing is the relief the majority opted to grant the petitioner in this case. After concluding that the subsequent offense provision is ambiguous with regard to persons who commit prostitution, but without engaging in any discussion regarding the applicable relief that should be awarded, the majority simply orders the dismissal of the indictment. However, the statutory language that the majority finds ambiguous is a penalty enhancement provision; the challenged provision does not dictate the elements of the crimes of prostitution or soliciting an act of prostitution. *Cf.* Syl. Pts. 4–7, *State v. Herbert*, 234 W.Va. 576, 767 S.E.2d 471 (2014) (recognizing that some prior convictions merely constitute penalty enhancers, not essential elements of currently charged offense). The petitioner's solicitation of a sex act in exchange for money would be a crime whether it was her first offense or her third offense. The majority's conclusion that the subsequent offense enhancement is inapplicable does not serve to negate or nullify the petitioner's admitted

8

criminal conduct.[6]  By dismissing the indictment, the majority is signaling that a person can only be convicted of prostitution two times.  What, however, is the State to do if a person commits the crime of prostitution three or more times?  Does the person have free reign to thereafter commit the prohibited offense with no risk of prosecution or sanction?  That is decidedly not what the Legislature intended.

Analogous cases demonstrate the remedy that the majority should have imposed.  For example, in *State v. Palmer*, 210 W.Va. 372, 557 S.E.2d 779 (2001), a defendant was convicted of third offense driving while his license was previously suspended or revoked for driving under the influence of alcohol.  Like the prostitution statute, the "driving while suspended or revoked for DUI" statute, West Virginia Code § 17B-4-3 (1994), included provisions enhancing the penalty to be imposed for second and subsequent convictions.  On appeal, this Court concluded that the indictment had failed to adequately set forth that the defendant was charged with a subsequent offense of the crime.  *Palmer* at 378, 557 S.E.2d at 785.  Accordingly, the Court remanded the case "for purposes of resentencing the defendant in accord with the punishment for first-offense driving while suspended or revoked for DUI[.]"  *Id.* at 379, 557 S.E.2d at 786.  In *State v. Hulbert*, 209 W.Va. 217, 544 S.E.2d 919 (2001), a defendant appealed his conviction for, *inter alia*, third offense domestic

---

[6]By entering a conditional guilty plea, the petitioner conceded that she committed the crime but reserved the right to challenge the applicability of the subsequent (i.e., third or subsequent) offense provision to prostitutes.

assault. *See* W.Va. Code § 61-2-28 (1994) (specifying increased penalty upon conviction for third or subsequent offense of domestic assault or domestic battery). This Court concluded that the State failed to prove the two prior convictions at trial. *Hulbert* at 228, 544 S.E.2d at 930. As relief, the Court reversed the conviction for third offense domestic assault and remanded the case "for entry of a new sentencing order in connection with a conviction of first offense domestic violence." *Id.* Thus, when the State could not or did not prove the status element of prior offenses, the convictions and sentences in *Palmer* and *Hulbert* were reduced–not simply dismissed *in toto*.

The petitioner's indictment alerted her to the fact she was being charged as a repeat offender, and she acknowledged her two prior convictions as part of her conditional guilty plea to third offense soliciting. Critically, there is no challenge to the validity of the first or second offense penalty provisions set forth in West Virginia Code § 61-8-5(b). The majority's finding of ambiguity is limited solely to the language in the subsequent (i.e., third or subsequent) offense provision. As such, even under the majority's mistaken application of the rule of lenity, the petitioner's remedy should be a remand to the circuit court with directions to reduce the conviction and corresponding sentence to that of second offense soliciting an act of prostitution.

By ignoring the plain and unambiguous statutory language, the majority of this Court has exceeded its authority, inserted itself into the Legislature's bailiwick of establishing crimes and setting the correspondent penalties, and improperly overturned a valid conviction. Accordingly, I respectfully dissent.