336 S.E.2d 187

**STATE of West Virginia**

v.

**Gregory J. NESTER.**

**No. 16329.**

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1985.

Decided July 3, 1985.

Rehearing Denied Nov. 8, 1985.

Jo Ann B. Fraley, Reedsville, for appellant.

James E. Gavin, Asst. Atty. Gen., Charleston, for appellee.

BROTHERTON, Justice:

This case is an appeal by Gregory J. Nester from a judgment of the Circuit Court of Preston County, which found Mr. Nester guilty of causing a death while driving under the influence of alcohol.

On Thursday, December 3, 1981, the appellant was returning from visiting friends on Route 7/7, a narrow, twisting secondary route. At approximately 10:00 p.m., the appellant's car crossed the center line and crashed head-on with a car driven by Willie Ray Taylor, Jr. Mr. Taylor was killed in the crash. Various witnesses at the scene testified that the appellant appeared intoxicated. The deputy investigating the accident administered a series of field sobriety tests to the appellant, which convinced him that the appellant was intoxicated. No chemical test was given.

In June, 1982, a Preston County grand jury indicted the appellant, charging him with two violations of the DUI laws: the felony offense of West Virginia Code § 17C–5–2(a) (1981), and the misdemeanor offense of West Virginia Code § 17C–5–2(b) (1981). Following a jury trial held in November, 1982, the appellant was found guilty of the misdemeanor offense. The court sentenced the appellant to one year in jail, with eligibility for probation after ninety days, and a $500.00 fine.

Gregory Nester appeals to this Court, assigning numerous errors which we now address.

## I.

Our first point of concern is the appellant's contention that the indictment was fatally defective because it did not follow the statutory language of § 17C–5–2(b) (1981).

The indictment reads as follows:

West Virginia Code: 17C–5–2(b)

DRIVING UNDER THE INFLUENCE OF ALCOHOL MISDEMEANOR

That on or about the 3rd day of December, 1981, in the County of Preston, State of West Virginia, Gregory J. Nestor [sic] did unlawfully drive a motor vehicle on a public road in Preston County, West Virginia, while under the influence of alcohol and while so driving did unlawfully drive left of center in violation of West Virginia Code 17C–7–1 which act proximately caused the death

of Willie Ray Taylor, Jr., within one year next following such act in violation of West Virginia Code 17C–5–2(b), against the peace and dignity of the State.

W.Va.Code § 17C–5–2(b) (1981) stated:

Any person who, while under the influence of alcohol, or under the influence of any controlled substances, or under the influence of any other drug *to a degree which renders him incapable of safely driving,* or under the combined influence of alcohol and any controlled substance or any other drug to a degree which renders him incapable of safely driving, drives a vehicle in this State, and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes the death of any person within one year next following such act, shall be guilty of a misdemeanor, and upon conviction thereof shall be confined in the county jail for not less than ninety days nor more than one year and shall be fined not less than five hundred dollars nor more than one thousand dollars.

A comparison of the indictment and the statute shows that the underlined phrase in the statute was omitted from the indictment.

 "[T]he purpose of an indictment is to plainly inform the defendant of the nature of the crime charged and to protect him against further or double jeopardy ...." *State v. Manns,* 174 W.Va. 793, 329 S.E.2d 865, 872 (1985). An indictment can fulfill this purpose without being a mirror image of the statute. Therefore, we do not require that the indictment track the exact statutory language. In Syl.pt. 3 of *State v. Hall,* 172 W.Va. 138, 304 S.E.2d 43 (1983), we held that in order for an indictment to sufficiently charge an offense, it must: (1) substantially follow the language of the statute; (2) fully inform the accused of the particular offense with which he was charged; and (3) enable the court to deter-

mine the statute on which the charge was based.

The indictment in this case meets the above criteria. Except for a small omission the language of the indictment it is substantially similar to the statutory language. Further, the reference to the code section fully informed the accused of the particular offense with which he was charged,[1] and enables the court to determine the statute on which he was charged. Because the indictment meets the requirements we have set forth, we hold the indictment to be valid.

## II.

The appellant also contends that the victim's failure to wear his seatbelt was an independent, intervening cause of the victim's death. This contention seriously distorts the definition of an intervening cause. An intervening cause is a new and independent force which breaks the causal connection between the original act or omission and the injury, and itself becomes the direct and immediate cause of the injury. *Stanko v. Zilien*, 33 Ill.App.2d 364, 369, 179 N.E.2d 436, 438 (1961). The fact that the victim did not take precautionary steps which may have prevented his eventual demise is not an intervening cause.[2]

The appellant also presented several errors not meriting lengthy discussion. These include: (1) that no instruction was included for the lesser included offense of driving left of center;[3] (2) that the trial court excluded evidence of the deceased's driving record;[4] (3) that there was insufficient evidence to submit the case to the jury;[5] (4) that the sentence was unconstitutional;[6] and (5) that an inadequate foundation was laid for the admission of a certain phone call.[7] Because these contentions are without merit, we uphold the ruling of the trial court on each.[8]

There being no error on the part of the trial court mandating a reversal, the judgment of the trial court is affirmed.

Affirmed.

---

1. A reference to a code section in an indictment necessarily carries with it all of the elements of the offense charged under that section. *See e.g. State ex rel. Bell v. County Court*, 82 Wis.2d 401, 408, 263 N.W.2d 162, 166 (1978).

2. To say otherwise could absolve a murderer if it could be shown the victim was not wearing a bullet-proof vest.

3. No objection was made to this point at trial and no alternate verdict was suggested. It is well settled law in West Virginia that unless an objection is raised at trial this Court will presume matters therein to have been proper. *Konchesky v. S.J. Groves & Sons*, 148 W.Va. 411, 414, 135 S.E.2d 299, 302 (1964).

4. The deceased's prior record of bad driving was immaterial to the issue of whether Mr. Nester was guilty of a violation of W.Va. Code § 17C–5–2(b) (1981).

5. The only dispute as to the sufficiency of the evidence is whether there was sufficient evidence to prove that the appellant was drunk at the time of the accident. The appellant had admittedly been drinking before the accident and had a swaying walk. There was an aroma of alcohol in the car, and the officers at the scene were of the opinion that Mr. Nester was drunk. Although the appellant offered explanations that contradicted the State's assertion of inebriation, this was a question for the jury to decide. *See* syl.pt. 7, *State v. Byers*, 159 W.Va. 596, 224 S.E.2d 726 (1976).

6. The court's sentence of one year in the county jail (with the appellant being eligible for probation in 90 days and with credit for 25 days already served) and a $500 fine was not unconstitutionally severe in this case.

7. Although a proper foundation for the phone call was not laid, the evidence showed that such a foundation could have been laid and, therefore, the error of failing to require the prosecution to do so at the beginning of the testimony was harmless.

8. The appellant raised numerous other errors which do not merit discussion and which we hereby dismiss.