PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Decker and Russell
Argued at Winchester, Virginia

JOHN BEVERLY CHAPMAN, JR.

                                      OPINION BY

v.      Record No. 1948-16-4        JUDGE WESLEY G. RUSSELL, JR.
                                        SEPTEMBER 26, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
N. Randolph Bryant, Judge

Jason E. Ransom (Ransom Law Office, on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


John Beverly Chapman, Jr., appellant, was convicted in a bench trial of felony reckless driving that caused the death of a passenger, in violation of Code §§ 46.2-852 and 46.2-868(B).[1] On appeal, he contends that the trial court misinterpreted the requirements of Code § 46.2-868(B) and that the Commonwealth's evidence was insufficient to sustain a conviction when the statutory elements are correctly identified. For the reasons that follow, we affirm appellant's conviction.

BACKGROUND

At about 5:30 a.m. on August 21, 2015, Trooper Josh Meyers of the Virginia State Police observed a car's tail light at the bottom of an embankment off of Route 522 in Frederick County. After investigating the accident, Trooper Meyers determined that appellant had fallen asleep while driving himself and two co-workers to a job site. The car veered off the road and down the embankment, flipping over at least three times before landing on its roof in a field. Appellant,

---

[1] Code § 46.2-852 is the reckless driving statute. Code § 46.2-868 provides for enhanced penalties for reckless driving if specified aggravating conditions are proven.

who was wearing a seat belt, was not injured. The passenger in the front seat, who was not wearing a seat belt, was ejected from the car and sustained serious injuries. The passenger in the back seat (hereinafter the "victim"), also not wearing a seat belt, was ejected from the car. He became caught under the car as it rolled and died at the scene from blunt force trauma to his head, neck, and extremities.

Pertinent to this appeal, appellant was charged with violating Code § 46.2-868(B) as a result of the accident. Code § 46.2-868(B) provides that

> [e]very person convicted of reckless driving under the provisions of this article who, when he committed the offense, (i) was driving without a valid operator's license due to a suspension or revocation for a moving violation and, (ii) as the sole and proximate result of his reckless driving, caused the death of another, is guilty of a Class 6 felony.

Appellant stipulated at trial that falling asleep while driving was reckless driving and that his driver's license had been revoked previously for a moving violation. Appellant argued that the evidence did not establish that the victim's death was "the sole and proximate result" of appellant's driving. Appellant asserted the victim died, at least in part, because he was not wearing a seat belt and was ejected from the vehicle.

After the Commonwealth rested, appellant made a motion to strike the evidence as to the reckless driving that led to the death of the victim. Comparing Code § 46.2-868(B) to the elements of various involuntary manslaughter statutes, which reference only "cause" and do not contain the phrase "sole and proximate result" or "sole cause," appellant argued that the Commonwealth had not shown that the victim's death was the "sole and proximate result" of his reckless driving.

In response, the trial court stated, "I think that there is a distinct difference between whether it is proximate causation, which is what the manslaughter statute uses and which is the focus, generally, in personal injury cases, as opposed to the reckless driving statute which refers to it as the sole and proximate result." The trial court continued:

- 2 -

I cannot conclude that his failure to wear the seatbelt or his wearing of a seatbelt, particularly based on the evidence before the Court that the other unbelted passenger survived, that that was a sole and proximate result. In fact, it does appear to the Court that had it not been for the Defendant falling asleep, going off the side of the road, and then the vehicle not only flipping but flipping end over end three times, the Court concludes at this juncture that [the victim's death] is the sole and proximate result [of the reckless driving] . . . .

Appellant did not present evidence and then renewed his motion to strike. In finding appellant guilty, the court stated, "I don't have much difficulty with the conclusion that [the] sole and proximate cause [of death] was the reckless driving of the [d]efendant."

This appeal followed with appellant arguing that the plain language of Code § 46.2-868(B) requires the Commonwealth to prove that the victim's death was the "sole and proximate result" of appellant's reckless driving and that the evidence was insufficient to establish that fact.[2]

---

[2] Appellant's assignment of error reads:

The trial court erred in convicting the Appellant of felony reckless driving which caused the death of another in violation of Section 46.2-868(B) of the Code of Virginia as the sufficiency of the evidence was not there, because the trial court misinterpreted the statutory language of Section 46.2-868(B) *in finding that the victim's death was the sole and proximate cause of the Appellant's reckless driving*, and after viewing the evidence in the light most favorable to the Commonwealth, any rational trier of fact could not have found beyond a reasonable doubt that the Appellant's reckless driving was the sole and proximate cause of the victim's death but, rather, it was the victim's failure to wear his seat belt and being ejected from the vehicle that was the sole and proximate cause of his death.

(Emphasis added.) Clearly, the trial court did not find that the victim's death was "the sole and proximate cause of the [a]ppellant's reckless driving . . . ." Counsel conceded at oral argument that this was a scrivener's error and that this portion of the assignment of error should have read that the trial court erred in finding that the reckless driving was the sole and proximate cause of the victim's death. Given that later in the assignment of error appellant notes that a "rational trier of fact could not have found beyond a reasonable doubt that the [a]ppellant's reckless driving was the sole and proximate cause of the victim's death" and appellant's consistent

ANALYSIS

I. Standard of Review

In arguing that the trial court misinterpreted the requirements of Code § 46.2-868(B),

appellant presents a question of statutory interpretation that we review *de novo*. Conyers v. Martial

Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted).

However, in conducting our review, "the factual findings of the circuit court are not to be

disturbed unless they are plainly wrong or are without evidence to support them." Wilkins v.

Commonwealth, 292 Va. 2, 7, 786 S.E.2d 156, 159 (2016).

II. Meaning of Code § 46.2-868(B)

Our interpretation of statutory language is governed by familiar principles. We begin

with the assumption "that the legislature chose, with care, the words it used when it enacted the

relevant statute . . . ," Alger v. Commonwealth, 267 Va. 255, 261, 590 S.E.2d 563, 556 (2004)

(quoting Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)),

and recognize that "our primary objective is 'to ascertain and give effect to legislative intent,' as

expressed by the language used in the statute," Cuccinelli v. Rector & Visitors of the Univ. of

Va., 283 Va. 420, 425, 722 S.E.2d 626, 629 (2012) (quoting Commonwealth v. Amerson, 281

Va. 414, 418, 706 S.E.2d 879, 882 (2011)) (further citation and internal quotation marks

omitted).

In general, we are bound by the "plain meaning" of the words chosen by the General

Assembly, Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011); however,

we recognize that determining a statute's "plain meaning . . . also requires that the courts should

be guided by 'the context in which [the word or phrase] is used.'" Protestant Episcopal Church

---

articulation of his position in both the trial court and in his appellate filing, we find that the
assignment of error is sufficient to allow us to reach the issue despite the error.

- 4 -

v. Truro Church, 280 Va. 6, 21, 694 S.E.2d 555, 563 (2010) (alteration in original) (quoting Sansom v. Bd. of Supvrs., 257 Va. 589, 595, 514 S.E.2d 345, 349 (1999)). "[I]f the language of the statute 'is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.'" Cuccinelli, 283 Va. at 425, 722 S.E.2d at 629; see also Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) ("[A]lthough we construe statutes strictly in criminal cases, we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein.'" (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979))). Finally, we will not read a "legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd." Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984).

Although "a statute is not to be construed by singling out a particular phrase . . . ," Va. Electric & Power Co. v. Bd. of Cnty. Supvrs., 226 Va. 382, 388, 309 S.E.2d 308, 311 (1983), this appeal turns on the meaning of the statutory phrase "as the sole and proximate result of his reckless driving, [appellant] caused the death of another." There is no dispute as to what the remainder of the statute means or that the evidence established the other elements of Code § 46.2-868(B). Accordingly, while we view the statute as a whole, our review necessarily focuses on the phrase "as the sole and proximate result of his reckless driving, [appellant] caused the death of another."

### A. Result and Cause

Both parties urge us to construe the General Assembly's use of "sole and proximate result" in Code § 46.2-868(B) as incorporating concepts of proximate causation. The trial court rejected this argument, reasoning that, because the General Assembly has utilized the phrase "cause" or "proximate cause" in other statutes and did not choose to use the phrase "cause" or "proximate cause" in Code § 46.2-868(B), it must have intended something different when it

used the phrase "sole and proximate result."[3]  Cf. Brown v. Commonwealth, 284 Va. 538, 545, 733 S.E.2d 638, 641 (2012) ("[W]hen the General Assembly includes specific language in one . . . statute, but omits that language from another . . . statute, [courts] must presume that the exclusion of the language was intentional because under these circumstances, it is evident that the General Assembly knows how to include such language in a statute to achieve an intended objective; thus the omission of [such] language [in another statute] represents an unambiguous manifestation of a contrary intention." (internal quotation marks and citations omitted)).

In the abstract, "cause" and "result" are distinct, but related concepts.  A "cause" is "[s]omething that produces an effect or *result*."  Black's Law Dictionary 265 (10th ed. 2014) (emphasis added).  A result is "[a] consequence, effect or a conclusion."  Id. at 1509.  Thus, a result is the culmination of a cause or of multiple causes combined.  Wagoner v. Commonwealth, 289 Va. 476, 485, 770 S.E.2d 479, 484-85 (2015) (recognizing that, although not itself a cause, a "loss of a substantial possibility of survival . . . is the *result* of" a cause or causes).

Despite these differences in the abstract, we agree with the parties that, in choosing the phrase "proximate result," the General Assembly intended to incorporate concepts of proximate causation into the elements of Code § 46.2-868(B).  As noted above, the terms are inextricably intertwined—one cannot have a result without a cause or causes.  Furthermore, the General Assembly's intention to incorporate a causation element is borne out by the words immediately following "proximate result" in Code § 46.2-868(B).  The statute provides for a higher penalty when "as the sole and proximate result of his reckless driving, [a person] *caused the death of*

---

[3] The General Assembly has utilized the phrase "proximate cause" in at least thirteen statutes, see Code §§ 3.2-6540, 3.2-6540.1, 8.01-20.1, 8.01-44.5, 8.01-50.1, 8.01-227.20, 8.01-250, 8.01-581.7, 15.2-1716, 15.2-1716.1, 16.1-83.1, 46.2-1569, and 65.2-400, and has utilized the phrase "proximate result" in at least sixteen statutes, see Code §§ 2.2-1205, 2.2-1206, 9.1-400, 9.1-402, 9.1-402.1, 15.2-1618, 27-39, 29.1-810, 46.2-817, 46.2-868, 46.2-1527.2, 56-231.34:2, 56-231.50:2, 56-265.25, 59.1-21.18:2, and 59.1-534.

*another . . . .*" (Emphasis added.) Accordingly, in the context of the entire statute, the phrase "proximate result" creates a causation element.

Although neither this Court nor the Supreme Court previously has been called upon to interpret the phrase "proximate result" in Code § 46.2-868(B), our conclusion finds support in decisions that interpret similar language in other statutes. In Commonwealth v. Barker, 275 Va. 529, 659 S.E.2d 502 (2008), the Supreme Court interpreted provisions of the Line of Duty Act, including the phrase "proximate result" found in Code § 9.1-402(A). Specifically, at the relevant time, Code § 9.1-402(A) provided that if a covered person's "death occurred while in the line of duty *as the direct or proximate result* of the performance of his duty . . . ," his or her beneficiary was entitled to receive a death benefit. (Emphasis added.) The Supreme Court read the phrase "proximate result" as incorporating the concept of proximate causation, holding that the beneficiary failed to meet the statutory requirement because she "failed to prove the required Code § 9.1-402(A) condition precedent that [d]ecedent's performance of his law enforcement duty was *the* direct or proximate cause of his death." Barker, 275 Va. at 540, 659 S.E.2d at 507.

Similarly, both this Court and the Supreme Court have held that the General Assembly's use of the phrase "results in" in Code § 18.2-369(B) evinces a legislative intent to impose a causation element.[4] In affirming the decision of this Court, the Supreme Court held that

> We agree with the Court of Appeals' analysis on this issue, and
> adopt its holding that the ordinary meaning of the phrase

---

[4] Code § 18.2-369(B) provides that

> [a]ny responsible person who abuses or neglects an incapacitated
> adult in violation of this section and the abuse or neglect *results in*
> serious bodily injury or disease to the incapacitated adult is guilty
> of a Class 4 felony. Any responsible person who abuses or
> neglects an incapacitated adult in violation of this section and the
> abuse or neglect *results in* the death of the incapacitated adult is
> guilty of a Class 3 felony.

(Emphasis added.)

> "*results in,*" as used in Code § 18.2-369(B), "imports 'but for' causation." Wagoner, 63 Va. App. at 250, 756 S.E.2d at 176. In other words, the Commonwealth must prove that the abuse or neglect was a *proximate cause* of the death.

Wagoner, 289 Va. at 484-85, 770 S.E.2d at 484 (emphasis added). When applied to the language of Code § 46.2-868(B), the rationales of Barker and Wagoner support the conclusion that the General Assembly's use of "result" was intended to create a causation element in the statute.

## B. Sole and Proximate

Having created a causation element in the statute, the General Assembly limited the class of causes that would be sufficient to support a conviction under Code § 46.2-868(B). Specifically, by including the limiting phrase "sole and proximate," the General Assembly limited the application of the statute to a subset of cases—those in which the defendant's reckless driving constitutes the sole *and* proximate cause of the resulting death. See, e.g., Varga v. Commonwealth, 260 Va. 547, 551, 536 S.E.2d 711, 714 (2000) (holding that "by use of the conjunctive 'and,' the statute is clear that *both*" of the conditions separated by the conjunction must be met to satisfy the statutory requirement); Germek v. Germek, 34 Va. App. 1, 8, 537 S.E.2d 596, 600 (2000) (holding that because "[t]he three subsections of the statute are joined by the conjunctive, 'and,' [the statute] require[es] proof of all elements"). We address the effect of limiting words, "sole and proximate," below, taking the latter first.

## 1. Proximate

In Virginia, "the principles applicable to a finding of proximate cause . . . are constant whether considered in a civil or criminal context." Gallimore v. Commonwealth, 246 Va. 441, 447, 436 S.E.2d 421, 425 (1993). "The proximate cause of an event is that *act or omission* which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces that event, and without which that event would not have occurred." Wagoner, 289 Va. at 485, 770 S.E.2d at 484 (quoting Wells v. Whitaker, 207 Va. 616, 622, 151 S.E.2d 422, 428 (1966)).

- 8 -

"An event may have more than one proximate cause and, under certain circumstances, a proximate cause may also be a superseding cause that severs the link of proximate causation between the initial . . . act and the resulting harm, thereby relieving the initial [actor] of liability." Williams v. Joynes, 278 Va. 57, 63, 677 S.E.2d 261, 264 (2009).

Because a proximate cause arises only from an "act or omission," not every factor that contributes to an accident, injury or other result is a proximate cause. Although all legal causes are factual causes, there can be factual causes that are not legal causes. For example, in this case, it appears that the embankment played a significant role in the accident and resulting death. If the place where the car ran off the road had been a flat, open field as opposed to an embankment, it is likely that the vehicle would not have flipped over and most, if not all, of the resulting damage (including the death) would not have occurred. However, the presence of the embankment was not, in the legally relevant sense, the result of an act or omission, but rather, was merely an attendant circumstance, and thus, was not a proximate cause of the accident. Cf. Walthew v. Davis, 201 Va. 557, 562, 111 S.E.2d 784, 787 (1960) (finding that the failure to light a building that was "26 feet beyond the area of the runway and was not within the proper path which the airplane should have followed" was not the "proximate cause of the collision," because "the negligence of the defendant in so operating the airplane that it ran off the runway and collided with the building" was); Wyatt v. Chesapeake & Potomac Tel. Co., 158 Va. 470, 485, 163 S.E. 370, 375 (1932) (holding that the unlawful location of a telephone pole was not the proximate cause of the plaintiff's injuries that resulted from the car in which she was a passenger leaving the roadway and striking the pole).

There can be no dispute, however, that appellant's reckless driving, his act of falling asleep while driving, was a proximate cause of the accident and the resulting death. Absent the reckless driving, there is no crash, no ejection of the victim from the vehicle, no rolling over of

the vehicle onto the victim, etc. Appellant's argument is that his reckless driving was not the "*sole* and proximate" cause of the victim's death.

## 2. Sole

Citing a dictionary definition of "'sole' as 'without another; single; of or having to do with only one; not shared or divided; exclusive; alone . . . ,'" appellant argues that his reckless driving was not the sole cause of the victim's death because the death was caused, at least in part, by the victim's failure to wear a seat belt. Although such an interpretation of the statute has some facial appeal, context and rules of construction make clear that it was not what the General Assembly intended.

When "sole" is read as "only," other portions of the statute become superfluous. If a defendant's reckless driving is the only cause of an accident and resulting death, then it necessarily is the proximate cause of the death. Thus, reading "sole" as "only" renders the latter half of the phrase "sole and proximate" mere surplusage. By rendering "and proximate" meaningless, such an interpretation "violates the settled rule of statutory construction that an enactment should be interpreted, if possible, in a manner which gives meaning to every word." Monument Assoc. v. Arlington Cty. Bd., 242 Va. 145, 149, 408 S.E.2d 889, 891 (1991) (citing Gallagher v. Commonwealth, 205 Va. 666, 669, 139 S.E.2d 37, 39 (1964)). Accordingly, if there is an alternative interpretation for "sole" that gives at least some effect to "and proximate," we must prefer it.

Apparently recognizing this problem for his proposed interpretation of the statute, appellant argues that the phrase "and proximate" was added to limit consideration to proximate causes, allowing the trial court to ignore mere attendant circumstances, such as the embankment in this case, and consider only causes that relate to acts or omissions by human actors. Although

we agree that the statutory language focuses the analysis on acts or omissions of human actors, we disagree that the resulting analysis requires reversal of appellant's conviction.

To correctly interpret the statute, one must recognize the concept of "sole cause," which has an established legal meaning. A "sole cause" is "[t]he only cause that, *from a legal viewpoint*, produces an event or injury. . . [;] [i]f it comes between a defendant's action and the event or injury at issue, it is treated as a superseding cause." Black's, supra, at 265 (emphasis added).[5] In turn, a "superseding cause" is defined as "[a]n intervening act . . . that the law considers sufficient to override the cause for which [the initial actor] was responsible . . . ." Id.; see also Atkinson v. Scheer, 256 Va. 448, 454, 508 S.E.2d 68, 72 (1998) (explaining that a superseding cause of an injury 'constitutes a new effective cause . . . making it and it only the proximate cause of injury'" (quoting Maroulis v. Elliott, 207 Va. 503, 511, 151 S.E.2d 339, 345 (1966))).

Accordingly, the concept of sole cause recognizes that, even if some act or omission contributes in some way to the occurrence of an event or injury, another act or omission still can be deemed the "sole cause" of the event or injury. Thus, the question presented here is whether the failure of the victim, a rear-seat passenger, to wear a seat belt is of such a character as to be an independent proximate cause of the accident and death or whether appellant's reckless driving is, legally speaking, the "sole and proximate" cause of the accident and resultant death.

We conclude that the General Assembly did not intend, in a case such as this, for a victim's failure to wear a seat belt to relieve a defendant of criminal liability under Code § 46.2-868(B). We first note that, in the temporal sequence, the victim's decision not to wear a seat belt occurred before appellant's reckless driving. Because appellant chose to drive when he

---

[5] Accordingly, the concept of "sole cause" recognizes that there can be a difference between a legal cause and a factual cause; "sole cause" refers to a legal cause.

knew or should have known that the victim was not wearing his seat belt, the failure of the victim to wear the seat belt is akin to an attendant circumstance. Nothing about the victim's failure to wear a seat belt caused or contributed to the accident; the sole cause of the accident was appellant's reckless driving.

Additionally, we recognize that, as a rear-seat passenger, the victim was under no legal obligation to wear a seat belt because the General Assembly has elected to impose such a requirement only on front-seat passengers. See Code § 46.2-1094(A) ("Any *driver*, and any *other person* at least 18 years of age and *occupying the front seat*, of a motor vehicle . . . shall wear the appropriate safety belt system at all times while the motor vehicle is in motion on any public highway." (emphasis added)). Even in creating such a requirement for front-seat passengers, the General Assembly has made clear its view that the failure to wear a seat belt *even when required to do so* by Code § 46.2-1094(A) cannot be considered negligence in tort actions. Specifically, Code § 46.2-1094(D) provides that a violation of Code § 46.2-1094(A) "shall not constitute negligence, be considered in mitigation of damages of whatever nature, be admissible in evidence or be the subject of comment by counsel in any action for the recovery of damages arising out of the operation, ownership, or maintenance of a motor vehicle . . . ."[6] It would be anomalous to the point of absurdity to conclude that the General Assembly, having determined that the failure to comply with a statutory duty to wear a seat belt cannot be considered a proximate cause of an injury or death in a tort action, intended for the failure of a rear-seat

---

[6] At oral argument, appellant repeatedly argued that "contributory negligence" by a victim precludes a conviction under Code § 46.2-868(B). Appellant, however, conceded that, at least for tort purposes, failure to wear a seat belt does not constitute contributory negligence.

- 12 -

passenger to wear a seat belt when no such statutory duty exists to be considered a proximate cause for purposes of Code § 46.2-868(B).[7]

Although our focus is on what the General Assembly intended when it enacted Code § 46.2-868(B), we find persuasive the logic and reasoning of the Supreme Court of Appeals of West Virginia in State v. Nester, 336 S.E.2d 187 (W.Va. 1985). In Nester, that court was called upon to interpret a West Virginia statute imposing criminal liability for a death when a defendant's drunk driving "proximately causes the death of any person . . . ." Id. at 189 (citation omitted). The West Virginia Supreme Court rejected the argument that the victim's death was proximately caused by his failure to wear a seat belt, noting that such a

> contention seriously distorts the definition of an intervening cause. An intervening cause is a new and independent force which breaks the causal connection between the original act or omission and the injury, and itself becomes the direct and immediate cause of the injury. The fact that the victim did not take precautionary steps which may have prevented his eventual demise is not an intervening cause.

Id. (citation and footnote omitted).

For these reasons, we conclude that, for the purposes of Code § 46.2-868(B), the failure of the victim to wear a seat belt was not a proximate cause of his death, leaving appellant's reckless driving as the "sole and proximate" cause of the accident and resulting death. Accordingly, appellant's conviction is affirmed.

---

[7] Although, by its express terms, Code § 46.2-1094(D) applies to civil actions, we recognize that "[t]he validity of using other Code sections as interpretive guides is well established. The Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed" or the same underlying conduct is involved. King v. Commonwealth, 2 Va. App. 708, 710, 347 S.E.2d 530, 531 (1986).

CONCLUSION

For the foregoing reasons, appellant's conviction for felony reckless driving that caused the death of a passenger, in violation of Code §§ 46.2-852 and 46.2-868(B), is affirmed.

Affirmed.