# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Michael J. Durkee,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0966** (Kanawha County 21-AA-30)

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael J. Durkee appeals the October 6, 2021, order of the Circuit Court of Kanawha County denying his petition for judicial review and affirming the finding of the Office of Administrative Hearings ("OAH") that petitioner proximately caused the death of his wife while driving under the influence ("DUI"). Respondent Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles (hereinafter "DMV"), responds in support of the order.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On May 24, 2020, petitioner and his family were riding four-wheel all-terrain vehicles ("ATVs") in Hampshire County, West Virginia. One of the ATVs malfunctioned, and it was determined that petitioner would tow the malfunctioning ATV with a nylon rope behind the other ATV. Petitioner's wife and daughter rode on the towed ATV. Petitioner drove his ATV up an embankment, and when his ATV crested the hill, the tow rope slackened then snapped, sending the towed ATV off the path and out of control. Petitioner's wife pushed their daughter off the ATV just before the ATV crashed into a tree. Petitioner's wife was thrown down an embankment and into a stream to her death.

When the investigating officer arrived on the scene of the accident, he found petitioner exhibited physical signs of being under the influence of alcohol, and petitioner admitted to having a "couple of beers" with brunch. Petitioner was arrested for DUI, and pled guilty to a simple DUI charge. The DMV issued an order revoking petitioner's license on January 21, 2021, for "proximately caus[ing] the death of another person while acting in reckless disregard of the safety

---

[1] Petitioner appears by counsel Grant M. Sherman. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Elaine L. Skorich.

of other people." Petitioner requested an administrative hearing before the OAH solely on the issue of proximate cause.

At the OAH hearing, both the investigating officer and petitioner testified. The investigating officer testified that he had arrested the petitioner for DUI because petitioner was operating the ATV under the influence of alcohol. The officer admitted that he did not know the speed of the ATV at the time of the accident or if petitioner was operating it erratically. The officer also admitted that he had no evidence that petitioner was operating his ATV in reckless disregard for the safety of anyone. Petitioner testified that the accident happened quickly, explaining that when the rope snapped and the ATV went out of control, his wife "grabbed [their daughter] and pushed her off of the four wheeler, and, that was all the time that she had to react, so she, with her hands off the handle bars pushing [their daughter] she was not able to use the brakes and didn't have time to hold onto anything before she impacted the tree." On cross-examination, petitioner agreed that ATVs can be dangerous and that "there's always a chance someone could get hurt." He was asked if "it's also reasonable to maybe think, oh, the rope could break, it could come off, something bad could happen." He responded, "Always a possibility." While he admitted he had consumed a few beers before towing the ATV, he claimed his judgment was unaffected. Relevant to his arguments before this Court, he provided no evidence that the ATV was equipped with a footbrake, nor did he argue that his wife's failure to use a footbrake constituted an unforeseeable, intervening cause sufficient to break the causal connection between his DUI and her death.

The OAH entered an order on April 28, 2021, revoking petitioner's license for five years under West Virginia Code § 17C-5A-2(h).[2] The OAH found that there was no dispute petitioner consumed alcoholic beverages prior to driving and that to do so is "inherently dangerous." It further concluded that towing another vehicle, ridden by two people, up an embankment with a rope while intoxicated is "most certainly acting in reckless disregard of the safety of others." The OAH also found that petitioner's testimony established that he knew it was possible that the rope could break and that someone could get hurt. The OAH concluded, by a preponderance of the evidence, that petitioner proximately caused the death of another person while acting in reckless disregard of the safety of other people and DUI.

Petitioner filed a petition for judicial review of the administrative decision in the Circuit Court of Kanawha County. Before the circuit court, petitioner argued the OAH was clearly wrong based on the evidence in the case. He relied on the testimony from the investigating officer who stated he had no evidence of speeding, no evidence of erratic driving, and no evidence of reckless

---

[2] West Virginia Code § 17C-5A-2(h) (2015) provides:

> If, in addition to a finding that the person did drive a motor vehicle while under the influence of alcohol, controlled substances or drugs, or did drive a motor vehicle while having an alcohol concentration in the person's blood of eight hundredths of one percent or more, by weight, the Office of Administrative Hearings also finds by a preponderance of the evidence that the person when driving did an act forbidden by law or failed to perform a duty imposed by law, which act or failure proximately caused the death of a person, the commissioner shall revoke the person's license for a period of five years . . . .

disregard for the safety of others. However, the officer also testified, and it was admitted, that petitioner consumed alcohol prior to driving the ATV and towing the ATV and was DUI. Among other things, petitioner also contended that just prior to being thrown from the ATV, petitioner's wife had the ability to control it and engage handbrakes[3] and that this should be considered as an intervening cause.

Respondent argued in support of the OAH's decision, relying on *State v. Nester*, 175 W. Va. 539, 336 S.E.2d 187 (1985), where this Court held that the failure of a victim to take precautionary steps, such as wearing a seatbelt, that could have prevented death is not an independent, intervening cause of the victim's death. Respondent also argued that petitioner's use of the rope to tow the disabled ATV showed petitioner's lack of judgment and impairment. Citing *State v. Green*, 220 W. Va. 300, 647 S.E.2d 736 (2007), respondent contended that reckless disregard of the safety of others is synonymous with gross negligence. Respondent argued that the OAH's finding of an inherently dangerous activity was similar to this gross negligence standard.

The circuit court denied the petition. Relying on the standard of review applicable to administrative cases in West Virginia Code § 29A-5-4(g), the circuit court found that the OAH's findings were plausible in light of the record viewed in its entirety. It found the record supported the OAH's determination that "[p]etitioner's inherently dangerous action of driving while under the influence of alcohol escalated to a reckless disregard of the safety of others when he towed another ATV with passengers up an embankment with a rope that he knew could break and that the [p]etitioner's inherently dangerous actions proximately caused his wife's death." It concluded that the OAH's order

> did not violate any constitutional or statutory provisions; was not made upon unlawful procedures; was not affected by other error of law; was not clearly wrong in view of the reliable, probative and substantial evidence on the whole record; and was not arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Petitioner appeals the circuit court's order, alleging that the finding that he proximately caused the death of his wife was in error.[4] He contends that the OAH failed to, or was not able to, consider evidence of an alternate, secondary footbrake on the ATV that his wife could have used.

---

[3] It is undisputed that the existence or employment of a footbrake system was not discussed at the administrative hearing or in the circuit court appeal.

[4] Although petitioner presents a broad assignment of error, no argument supporting any issue other than the claimed secondary footbrake is raised and supported by pertinent authority in petitioner's brief before this Court and, accordingly, this is the only argument of error considered. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

Petitioner argues that the failure of his wife to apply the secondary footbrake was an unforeseeable, intervening cause sufficient to break the causal connection between the DUI and her death. Petitioner further contends that the OAH's finding of proximate causation was clearly wrong in light of the reliable, probative, and substantial evidence on the record as a whole. Petitioner acknowledges that the OAH was not presented with any evidence or testimony related to the footbrake system as an intervening cause, and he claims that this prejudiced his substantial rights. This Court reviews the circuit court's order under the following standard:

> "'On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.' Syl Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996)." Syl. Pt. 1, *Dale v. Odum*, 233 W. Va. 601, 760 S.E.2d 415 (2014).

Syl. Pt. 1, *Frazier v. Talbert*, 245 W. Va. 293, 858 S.E.2d 918 (2021).

It is undisputed that petitioner raises the issue of a secondary footbrake system and his wife's failure to use that system as an intervening cause in her death for the first time in this appeal. Moreover, no evidence of a secondary footbrake system appears in the appendix record. Judicial review of this matter is limited to the record made before the OAH. *See* W. Va. Code § 29A-5-4(f) ("The review shall be . . . upon the record made before the agency . . . ."). Further, this Court will generally not consider nonjurisdictional questions raised for the first time on appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (applying the general rule to prohibit consideration of issues in a DUI license revocation proceeding raised for the first time on appeal outside the administrative record). We have also held that a party to an administrative proceeding waives any nonjurisdictional defense not properly raised during an administrative proceeding. *Hoover v. W. Va. Bd. of Med.*, 216 W. Va. 23, 26, 602 S.E.2d 466, 469 (2004). Because petitioner did not present any argument below concerning his wife's failure to engage a secondary braking system and that failure's relation to the proximate cause of her death, we decline to consider that issue here.

For the foregoing reasons, we affirm the circuit court's October 6, 2021, order.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Justice, and Wooton, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.